■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. OTHO HENRY HEFLIN, JR., Respondent, against HARRY SILBERGLITT, as Warden of City Prison, Queens County, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— Appeal by the People of the State of New York from an order sustaining a writ of habeas corpus and directing petitioner's discharge. Order reversed upon the law, the writ dismissed, and the petitioner remanded to custody. The findings of fact are affirmed. Between June 11 and June 12, 1952 petitioner stole a car in Queens County and drove it to Boston, Massachusetts. About three weeks later he was indicted in Boston for three offenses, one of which was the offense of operating the stolen car in Boston on June 30, 1952, without authority from the owner, after petitioner's right to operate automobiles in Massachusetts without a license had been suspended. After a trial in which the owner of the car testified, petitioner was convicted of all three offenses; he was given a suspended sentence of two years for the offense of driving without authority, and a sentence of six months for the other offenses. The suspension of the two-year sentence was thereafter revoked (because of the theft of another car), and he eventually served both sentences. In the meantime, petitioner had been indicted in Queens County for the theft of the first car. The indictment contained two counts, namely (a) taking, removing, operating and driving the car in Queens County, on June 11 and 12, 1952, for the operator's own profit, use and purpose, and without the owner's consent (Penal Law, § 1293-a); and (b) ordinary grand larceny (Penal Law, § 1290). After his release from the Massachusetts jail, petitioner returned to New York and appears to have been apprehended. He thereupon pleaded guilty to petit larceny under the Queens County indictment, and was remanded to the city prison for sentence. Thereafter he obtained his release on a writ of habeas corpus based upon his claim that the Queens indictment was for the same offense as that for which he had been convicted in Boston, and that the Queens indictment consequently subjected him to double jeopardy. In our opinion, the Massachusetts and Queens County offenses were different in fact and in law, as each referred to an act done at a different time and place, and each involved elements not found in the other. Moreover, as the offense charged in Queens County was not committed in Massachusetts or subject to its jurisdiction, and as the offense charged in Massachusetts was not committed in Queens County or subject to its jurisdiction, neither section 33 of the Penal Law nor section 139 of the Code of Criminal Procedure is applicable. Hence, the claim of double jeopardy had no merit. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.