THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ARTIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 24, 1975, convicting him of attempted robbery in the third degree, upon his plea of guilty, and imposing sentence. Judgment reversed, on the law, plea vacated and case remanded to Criminal Term for further proceedings on the indictment. Defendant allegedly participated in a robbery in Kings County in which credit cards, currency, car keys and a car were stolen from the victim. He was arrested in New York County and charged with unauthorized use of a motor vehicle (Penal Law, § 165.05) and criminal possession of stolen property in the first degree (Penal Law, § 165.50) with respect to the car. He pleaded guilty to criminal possession of stolen property in the third degree (Penal Law, § 165.40), in full satisfaction of the indictment. Defendant now claims that the instant prosecution for robbery violates his right to be protected from being prosecuted for the same crime twice, as guaranteed by the Federal and New York State Constitutions (see US Const, 5th Amdt; NY Const, art I, § 6) and by CPL 40.20. His statutory protection was waived by his failure to raise it until after his plea of guilty (see *People v Dodson,* 48 NY2d 36). Defendant has not waived his constitutional protection either by his plea of guilty (see *Menna v New York,* 423 US 61) or by his failure to raise the argument before he entered the plea (see *People v Michael,* 48 NY2d 1). Nonetheless, his constitutional rights were not violated. The applicable test as to whether two offenses are distinct for double jeopardy purposes, as established in *Blockburger v United States* (284 US 299, 304), is whether each alleged offense "requires proof of a fact which the other does not." Robbery requires proof of a fact not required for possession of stolen property (namely, forcible stealing; see Penal Law, § 160.05), and possession of stolen property requires proof of a fact not required for robbery (namely, intent to benefit the possessor or a person other than the owner, or to impede recovery of the property by the owner; see Penal Law, § 165.40). Therefore, the *Blockburger* test is satisfied. In this same way, *Brown v Ohio* (432 US 161), cited by defendant, can be distinguished. In addition, defendant's rights under both the statutory and constitutional double jeopardy provisions were not violated because there was no jurisdiction in New York County to prosecute defendant for a robbery which occurred entirely in Kings County (see CPL 20.40; *Matter of Steingut v Gold,* 42 NY2d 311), and so defendant had never been in former jeopardy for the robbery at the commencement of the Kings County prosecution (see CPL 40.30, subd 2, par

[a]; *People ex rel. Meyer v Warden of Nassau County Jail,* 269 NY 426). We note, however, quite apart from any double jeopardy considerations, that pursuant to former subdivision 2 of section 165.60 of the Penal Law (see L 1976, ch 375, § 1), defendant may not be prosecuted for robbery or larceny of the car, having already pleaded guilty to criminal possession thereof, but only for robbery of the credit cards, currency and car keys. We hold, however, that the court erred in not allowing defendant to withdraw his plea of guilty. He did not admit guilt at the time he entered the plea and he expressly denied his guilt thereafter. At the very least, the court should have held a hearing at which defendant would have been able to air his claims (see *People v Nixon,* 21 NY2d 338; *People v Frederick,* 45 NY2d 520). Finally, notwithstanding the constitutionally tainted showup, in the event of a trial the victim should be given an opportunity to identify the perpetrator in view of his opportunity to observe him during the robbery (see *Manson v Brathwaite,* 432 US 98; *People v Ballott,* 20 NY2d 600). Damiani, J. P., Gibbons, Gulotta and Margett, JJ., concur.