■ The People of the State of New York, Appellant, v William John Lennon, Also Known as John Kelly, Respondent. — Appeal from an order of the County Court of Warren County, entered May 30, 1980, which granted defendant's motion to dismiss the first count of an indictment charging him with criminal possession of stolen property in the first degree. The facts are undisputed. Defendant stole a number of antique tobacco tins from an antique shop located in Massachusetts in December of 1978. One year later, on December 14, 1979, defendant entered a plea of guilty to the offense of larceny in a Massachusetts court and was sentenced to probation. In the meantime, the New York State Police seized the antique tobacco tins from defendant's home in Warren County. On September 13, 1979 defendant was indicted by the Grand Jury in Warren County, New York, for criminal possession of stolen property and criminal possession of a gambling device. The latter count is not at issue on this appeal. Relying on the double jeopardy provisions of CPL 40.20, the defendant moved, on January 8, 1980, to dismiss the first count of the indictment on the ground that the prior Massachusetts conviction for larceny barred the New York prosecution for criminal possession of stolen property. The County Court granted defendant's motion and this appeal ensued. Preliminarily, we note that the double jeopardy prohibition of the Federal Constitution is not offended by successive State prosecutions based on the same criminal transaction because of the "dual sovereignties" doctrine *(Bartkus v Illinois,* 359 US 121, 136-138; *People v Abbamonte,* 43 NY2d ·74, 81). Consequently, the outcome of the instant case turns on the application of New York's ·statutory double jeopardy safeguards found in CPL 40.20. CPL 40.20 (subd 2) provides that unless one of the enumerated exceptions can be established "A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction". The fact that two different jurisdictions are involved in the instant case, viz., New York and Massachusetts, does not militate against the applicability of CPL 40.20 (subd 2). The Court of Appeals, in its interpretation of CPL 40.20, has stated, "no matter the * * * number of jurisdictions involved, an accused is not to suffer repeated prosecution for the same general conduct" *(People v Abbamonte, supra,* pp 81-82). Thus, the threshold question to answer in applying CPL 40.20 (subd 2) to the instant case is whether the New York prosecution for criminal possession of stolen property is based upon "the same act or criminal transaction". A "criminal transaction" is defined in CPL 40.10 (subd 2) as "conduct which establishes

at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture". We find that the conduct constituting the possessory crime and the larceny was "so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture" (see *People v Crown,* 51 AD2d 588). However, the fact that both crimes constitute part of one criminal transaction does not end our inquiry. There are six exceptions which, if applicable, allow a second prosecution notwithstanding the general bar to successive prosecutions for acts arising out of the same criminal transaction (CPL 40.20, subd 2, pars [a] through [f]). Only paragraphs (a) and (b) of CPL 40.20 (subd 2) are arguably applicable to the instant case. Under paragraph (a), a person may be separately prosecuted for two offenses originating from the same criminal transaction if the offenses as defined have "substantially different elements" and the acts establishing each offense are "in the main clearly distinguishable." We find that the acts establishing the larceny were not clearly distinguishable from those establishing the possessory crime; the same possession of the same stolen property was necessarily among the acts charged in the Massachusetts conviction for larceny (cf. *Matter of Abraham v Justices of N.Y. Supreme Ct. of Bronx County,* 37 NY2d 560, 567). Paragraph (b) of this subdivision is similarly of no avail to the People. One prerequisite for allowing the separate prosecution of offenses arising out of the same transaction under paragraph (b) is that the offenses be "designed to prevent very different kinds of harm or evil."* While larceny is aimed specifically at the thief and criminal possession of stolen property guards against transfers or "fencing", the harms are not "very different". In fact, in New York, criminal possession of stolen property is but a form of larceny (see Penal Law, art 165; Hechtman, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law, art 165, p 217; and Penal Law, § 165.40, p 242). Accordingly, the first count of the indictment was properly dismissed. Order affirmed. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.

---

* The other requirement which would have to be satisfied in order to qualify for the paragraph (b) exception is that "Each of the offenses as defined contains an element which is not an element of the other" (CPL 40.20, subd 2, par [b]). In the instant case, the larceny charge would have been impossible without the criminal possession. Thus the latter is considered a lesser included offense of the former (CPL 1.20, subd 37; *People v Hayes,* 43 AD2d 99, affd 35 NY2d 907). Accordingly, it cannot be said that each offense contains an element not contained in the other. Moreover, although a defendant may now be prosecuted for and convicted of both larceny and criminal possession, he may not be punished consecutively for both where they arose from the same criminal transaction (Penal Law, § 70.25, subds 2, 3; *People v Short,* 69 AD2d 985).