OPINION OF THE COURT
Peter P. Rosato, J.
Defendant stands charged under the indictment with crimes of burglary, second degree, grand larceny, second degree (value $1,500), and grand larceny, third degree (i.e., credit cards) stemming from an alleged burglary at the home of a Mr. Fischman in Greenburgh on or about April 29 and 30, 1982. The People represent that Mr. Fischman reported that his 1982 Oldsmobile, his wife’s jewelry box, a pocketbook, and some credit cards were missing from his home. Later on during the day of April 30,1982, defendant and an alleged accomplice were arrested in Bronx County in possession of that same 1982 Oldsmobile. Subsequently, on August 2, 1982, defendant pleaded guilty in The Bronx to a charge of criminal possession of stolen property, third degree, with respect to possession of the Oldsmobile. Defendant now seeks to have the instant Westchester County *173 indictment dismissed on double jeopardy grounds. A hearing to consider that question was previously ordered by the Honorable Daniel F. McMahon by decision and order dated December 23, 1982. The People’s motion to reargue the granting of such a hearing has since been denied as untimely per decision and order of Judge McMahon dated March 23,1983, following which a hearing was held before this court on April 12, 1983.
Immediately prior to the hearing, the People handed up, over defendant’s objection, an amended bill of particulars, dated April 11,1983, pursuant to CPL 200.95 (subd 8). The original bill of particulars dated November 16, 1982, had specified that the property referred to in count two, charging defendant with grand larceny, second degree, i.e., property having a' value in excess of $1,500, included the following:
“(a) 1982 Oldsmobile Cutlass 4-door automobile and keys to same;
“(b) one pearl necklace;
“(c) one snake-type ring with diamonds;
“(d) ten sets of assorted earrings;
“(e) one green ball with gold snake;
“(f) $20.00 in cash.”
The amended bill differs in only one respect, i.e., that subdivision (a) now refers solely to “one set of keys,” the reference to the 1982 Oldsmobile having been deleted.
The sole witness at the hearing was Assistant District Attorney Russell Seeman. Called by the defendant, Mr. Seeman testified that he had recently been assigned as the trial assistant on the case, having taken over for Mr. Pronti, who recently left the office. When asked if he would have to rely on defendant’s possession of the keys and car to make out a prima facie case at trial, Mr. Seeman responded either that he “didn’t know” or that such a determination was premature at this time, pending the outcome of a pretrial suppression hearing. He further testified that there were items of evidence stolen from the premises aside from the car and the car keys, for example, jewelry and credit cards, among other items. Nonetheless, *174 he conceded that the car and car keys constituted a “strong part” of his case, and that, in fact, the only evidence of which he was presently aware consisted of the car, the car keys, and certain statements made by the defendant which could be construed, in part, as being in the nature of admissions vis-a-vis the car.
In order to resolve the question raised herein, the court will attempt to discuss both the constitutional and statutory aspects of defendant’s argument. At the outset, the court would note that insofar as a constitutional double jeopardy analysis is concerned, there is no clear-cut authority as to precisely which test to apply. (See People v Dean, 56 AD2d 242, affd 45 NY2d 651.) However, the test most often employed appears to be that set forth in Block-burger v United States (284 US 299, 304), i.e., “whether each provision requires proof of a fact which the other does not.” And see People v Artis (74 AD2d 644), wherein, under Blockburger, it was held that a prosecution for robbery was not barred on double jeopardy grounds by virtue of a prior guilty plea to criminal possession of stolen property, third degree, each statute requiring proof of a fact the other did not require. The Blockburger rationale was refined in Illinois v Vitale (447 US 410), wherein it was held that if the greater charge, there manslaughter by automobile, does not always entail proof of the lesser charge, there a failure to reduce speed, then the two offenses are not the “same” under Blockburger. Putting it another way, the court in Vitale (p 416), reaffirmed its holding in Brown v Ohio (432 US 161), i.e., “We recognized that the Blockburger test focuses on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial. Thus, we stated that if ‘ “each statute requires proof of an additional fact which the other does not,” Morey v Comm., 108 Mass. 433, 434 (1871),’ the offenses are not the same under the Blockburger test. 432 U.S. at 166 * * * Ianelli v. United States, 420 U.S. 770, 785, n. 17 (1975).” (Emphasis supplied.)
Thus, focusing on the statutory elements of the offenses, notwithstanding the potential for a “substantial overlap” in the actual proof offered, this court would agree with the holding of Justice Irving Lang in People v Fletcher (113 *175 Misc 2d 5) that a charge of burglary, which by definition requires as one element the alleged unlawful entry of a premises, requires proof of a fact not required to be proven in a prosecution for criminal possession of stolen property, and vice versa, and that therefore prosecution on the burglary charge is not constitutionally barred under the Blockburger test.
Moving on to the statutory analysis, the court would again concur with the Fletcher court that a separate prosecution of the burglary count herein is permissible. Justice Lang noted in Fletcher (supra), that with the enactment of CPL 40.20, the New York Legislature expanded upon the constitutional double jeopardy protections so as to generally preclude a second prosecution based upon the “same transaction” as a former one. However, CPL 40.20 (subd 2) contains six exceptions, only the first two of which, as contained in CPL 40.20 (subd 2, par [a]) are arguably applicable here. If the People can satisfy either of these exceptions, prosecution on the instant burglary charge would not be barred.
CPL 40.20 (subd 2, par [a]) provides:
“A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless:
“(a) The offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other”.
In addition, CPL 40.20 (subd 2, par [b]) provides that a separate prosecution will not be barred where: “Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil”.
On the facts here, the instant prosecution for the alleged crime of burglary would seem to be proper under the latter paragraph, 40.20 (subd 2, par [b]). This court would agree with Justice Lang’s observations in Fletcher that the two offenses of burglary and possession of stolen property are designed to prevent very different kinds of harm, the *176 former provision being designed to prevent a trespassory type of crime and the latter seeking to prevent one from benefiting from property which he knows to be stolen.
However, and so the record be clear, it appears from the testimony at the hearing that the People are unable to satisfy the prerequisites of paragraph (a). Assistant District Attorney Seeman testified that the only evidence of which he was presently aware consists of the car, the car keys, and certain possible admissions regarding the car. Given such testimony, there is no way for this court to find that the acts establishing the burglary are “in the main clearly distinguishable” from those establishing the possession of the car.
A much more difficult question arises vis-a-vis the count of grand larceny, second degree, alleged in count two, wherein the People must prove that the value of the property stolen exceeded $1,500. In that regard, defendant principally relies on the case of People v Lennon (80 AD2d 672). There, in 1979, defendant had pleaded guilty to the crime of larceny in Massachusetts involving the theft of a number of antique tobacco tins from a Massachusetts antique shop. Subsequently, New York State Police seized the antique tobacco tins from defendant’s home in Warren County, New York. Defendant was then indicted, inter alia, for criminal possession of stolen property in New York State, i.e., the same tobacco tins. The Third Department affirmed the order of the County Court granting defendant’s motion to dismiss on the grounds of double jeopardy under CPL 40.20. Their decision was essentially based on two determinations, the first being that under CPL 40.20 (subd 2, par [a]), the acts establishing the larceny were not clearly distinguishable from those establishing the possessory crime; in the words of the Third Department (p 673) “the same possession of the same stolen property was necessarily among the acts charged in the Massachusetts conviction for larceny”. (Emphasis added.)
Secondly, the Lennon court examined CPL 40.20 (subd 2, par [b]), and determined that crimes of criminal possession and larceny did not involve “very different” harms, noting that under People v Hayes (35 NY2d 907), possession of *177 stolen property was considered a lesser included offense of the crime of larceny, and therefore was but a form of larceny.
Taking these two paragraphs in reverse order, and starting with paragraph (b), this court would initially point out that the holding of People v Hayes (supra) has since been expressly overruled in People v Glover (57 NY2d 61), insofar as the applicable test to ascertain what is or is not a lesser included offense is concerned. The Glover court expressly held (p 64): “To the extent that our decisions in People v Johnson (39 NY2d 364), People v Cionek (35 NY2d 924), and People v Hayes (35 NY2d 907), which resolved the first inquiry as to whether the lesser crime was an included offense by examination only of the criminal transaction on which the particular prosecution was predicated — and People v Stanfield (36 NY2d 467) insofar as it cites Cionek and Hayes with approval at page 472 — may be read as at variance with this application, they are no longer to be followed. Thus, it must now be shown that, in theory, the charged, greater crime could not be committed without the lesser offense also being committed and, additionally, that in the particular case the jury would be warranted in finding that the defendant committed the lesser but not the greater crime.”
Nonetheless, even were this court to hold under the authority of People v Glover (supra), that the crime of criminal possession of stolen property, third degree, is not a lesser included offense of grand larceny, second degree, the question still remains whether the two statutory provisions are designed to prevent “very different kinds of harm or evil”. (Emphasis added.) This court feels it would strain all reasoning to somehow conclude that the separate provisions prohibiting the possession of stolen property and the actual theft of property are aimed at very different harms, particularly when one traces the evolution of sections 165.40 through 165.65 of the Penal Law, whereby the former crime of receiving, concealing, or withholding stolen property was eliminated and replaced by the present provisions concerning possession of stolen property. As pointed out in Hechtman’s Practice Commentary to section 165.60 of the Penal Law (McKinney’s Cons Laws of NY, *178 Book 39, p 262), under subdivision 1 of section 1308 of the former Penal Law, “one guilty of larceny ordinarily could not also be guilty * * * of receiving, concealing or withholding the property which he stole * * * That principle is logical to the extent that ‘receiving’ is inherently inconsistent with larceny of the same property” (emphasis added). Hechtman goes on to point out, however (p 262), that “[a]t any rate, there certainly is no inconsistency between larceny and the Revised Penal Law offense of criminal possession (§ 165.40); indeed, the latter usually follows the former.”
Thus, the question comes down to whether or not a prosecution for grand larceny, second degree, under count two can proceed under the exception contained at CPL 40.20 (subd 2, par [a]). Given the amended bill of particulars filed by the People, it is tempting to postulate that since the property referred to in count two, as amended, includes items other than the car and car keys, i,e., assorted items of jewelry and some cash, that the acts establishing the larceny are, “in the main, clearly distinguishable from defendant’s possession of the car, thereby satisfying the requirements of this exception.*
However, a close examination of the holding of the Court of Appeals, in Matter of Abraham v Justices of Supreme Ct. of Bronx County (37 NY2d 560), serves to undermine any such postulation. There, defendant Abraham had initially been convicted in Federal court for conspiracy to distribute and possess with intent to distribute narcotic drugs. The eighteenth and final overt act alleged in the Federal indictment referred to defendant’s distribution and possession with intent to distribute heroin in Bronx County on December 15,1971. By way of an article 78 proceeding, the defendant then sought to prohibit a subsequent State prosecution in Bronx County for possession of dangerous drugs, first degree, i.e., the same drugs which formed the basis of *179 the eighteenth overt act in the Federal conspiracy indictment. In opposing the defendant’s application, the People argued that the acts establishing the two crimes were distinguishable from various standpoints, including the fact that the conspiracy embraced others besides the defendant, that such conspiracy may have pre-existed the December 15, 1971 date, and that the conspiracy crime could have been proven without referring to the events of December 15.
A unanimous Court of Appeals, per opinion of Judge Gabrielli, rejected the People’s arguments, even assuming that no “time and circumstance” nexus existed vis-a-vis the Federal and State charges. The Court of Appeals concurred with the holding at the Appellate Division that “ ‘the same possession of the same drugs was among the acts charged and proved and for which a conviction was had’ ”. (See Matter of Abraham v Justices of Supreme Ct. of Bronx County, supra, p 567; emphasis added.) It is readily apparent that exclusivity of proof, that is, proof consisting solely of that for which defendant was previously convicted was not the standard applied by the Court of Appeals. Rather, for purposes of barring the subsequent State prosecution on double jeopardy grounds, it was enough that possession of the same drugs was among the acts charged.
Likewise in the instant case, the testimony of Assistant District Attorney Seeman is clear that defendant’s possession of the car, and car keys, will, at very least, be among the acts forming the basis of the charge of grand larceny, second degree, as contained in count two, and in fact appears to represent the very heart of the People’s case. As a result, this court must find that the acts establishing the charge of grand larceny, second degree, as alleged in count two are not, in the main, “clearly distinguishable” from those establishing the crime of possession of that same stolen property within the meaning of CPL 40.20 (subd 2, par [a]). Accordingly, since the People have failed to satisfy any of the exceptions contained in CPL 40.20 (subd 2), the defendant’s motion to prohibit the People from proceeding to trial on count two of the indictment, charging grand larceny, second degree, is granted, and that count is hereby dismissed.
*180 A similar result would appear to be required as to count three, wherein the defendant stands charged with a separate count of grand larceny, third degree, under subdivision 4 of section 155.30 of the Penal Law regarding the theft of credit cards from Mr. Seymour Fischman during the course of this same alleged incident of April 29 through 30,1982. While by law an alleged theft of credit cards must be charged separately, nonetheless it is apparent from Mr. Seeman’s testimony at the hearing that defendant’s possession of the Fischman’s car and/or car keys will certainly be among the acts relied on to establish that defendant was, in addition, the one who stole the credit cards. Accordingly, Abraham (supra) would appear to compel dismissal of this third count as well.
In sum then, defendant’s motion is granted solely to the extent that counts two and three, charging defendant with crimes of grand larceny, second degree, and grand larceny, third degree, respectively, are hereby dismissed. However, defendant’s motion is denied in all respects as to count one, charging burglary, second degree, and the People are free to proceed to trial on that count. The court would also point out that with respect to any forthcoming trial of the latter burglary count, the instant ruling in no way prohibits the People from seeking to introduce as evidence proof of defendant’s possession of the car and car keys, on a theory of recent and exclusive possession of stolen goods. (See People v Shurn, 69 AD2d 64; contrast People v Castillo, 47 NY2d 270.)

 As a caveat, the court does not attach a great deal cf weight to the People’s recent substitution of “keys” for the car, and the court will not draw any distinction between the two for purposes of this application. This view is reinforced in the court’s mind by virtue of the fact that the People have not moved to amend paragraph (5) of their original bill of particulars, whereby, in approximating the value of the property referred to in count two, the only item to which they are able to attach a value is in fact the automobile, i.e., $11,500. In any event, even were the court to accept, in theory, such a fine distinction, it would still have no bearing on the ultimate outcome of the instant motion.