■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD LEONARD, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Murray, J.), rendered November 10, 1982, convicting him of robbery in the first degree (two counts), attempted robbery in the first degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by reversing the conviction on count No. 3 of the indictment charging defendant with criminal possession of stolen property in the third degree, sentence imposed thereon vacated, and said count of the indictment dismissed. As so modified, judgment affirmed.

The third count of the indictment, accusing defendant of criminal possession of stolen property in the third degree, was amended upon motion of the prosecutor prior to the commencement of trial. The only amendment was to change the date of the offense from January 9, 1982 (the date of the robbery) to February 12, 1982 (the date of the arrest). Thus, the People had the burden of proving by a preponderance of the evidence that Kings County was the proper venue (*People v Moore,* 46 NY2d 1; *People v Lowen,* 100 AD2d 518).

A review of the record shows that the People wholly failed to prove that any element of the offense of criminal possession of stolen property in the third degree occurred in Kings County on February 12, 1982. The undisputed testimony of the arresting police officer was that defendant was found in Manhattan on said date possessing a driver's license belonging to Stephen Ahearn, one of the victims of a robbery which had occurred in Brooklyn on January 9, 1982. At the time of his arrest, defendant acknowledged that the license did not belong to him and stated that he intended to sell, for cash, Ahearn's license, together with those belonging to two other persons. Thus, as the essential elements of the crime, i.e., knowing possession of stolen property, occurred solely in New York County, defendant's conviction should be reversed and said count of the indictment dismissed because Kings County lacked geographic jurisdiction (CPL 20.40, subd 1, par [a]; *People v King,* 61 AD2d 1035; see, also, *People v Cousart,* 74 AD2d 877, affd 58 NY2d 62).

We find, however, that there is ample evidence in the record to support the jury's verdict on the robbery and attempted robbery counts. Even where there are inconsistencies in the testimony of

the prosecution's witnesses, questions of credibility and the weight to be accorded such testimony are for the trier of fact to resolve (*People v Cook,* 99 AD2d 552; *People v Rosenfeld,* 93 AD2d 872).

We have reviewed defendant's remaining contentions and find them to be without merit. Mollen, P. J., Gibbons, Thompson and Bracken, JJ., concur.