■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HARRIS, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered November 17, 1982, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence. This appeal brings up for review the denial of the defendant's motion to dismiss the indictment on the ground of double jeopardy.

Judgment affirmed.

The facts in this case are undisputed. Sometime during the night of April 29 and 30, 1982, two individuals burglarized a residence located in the Greenburgh area of Westchester County, stealing certain items including jewelry, money, credit cards and the keys to a 1982 Oldsmobile, which was also stolen from outside the home. On April 30, 1982, defendant and another person were stopped by the police in Bronx County while driving in the stolen vehicle and were arrested and charged in Bronx County with criminal possession of stolen property in the first degree based upon their unlawful possession thereof. Also on April 30, 1982, defendant was arrested and charged in Westchester County, among other things, with burglary in the second degree. On August 2, 1982, defendant entered a plea of guilty in Bronx County to criminal possession of stolen property in the third degree in full satisfaction of the Bronx County charges.

After an indictment was filed against defendant in Westchester County based upon the burglary of the Greenburgh residence, the trial court denied defendant's motion to dismiss the indictment on the ground that his Bronx county conviction barred the Westchester County prosecution by virtue of statutory and constitutional double jeopardy protections. Defendant subsequently pleaded guilty to the burglary charge.

On this appeal, defendant contends, in substance, that the burglary prosecution should have been barred pursuant to the Federal constitutional protection against double jeopardy under the tests enunciated by the Supreme Court in the case of *Illinois v Vitale* (447 US 410).

The principal test as to whether the two offenses are distinct for double jeopardy purposes as established in *Blockburger v United States* (284 US 299, 304), is whether each alleged offense " 'requires proof of a fact which the other does not' " *(Illinois v Vitale, supra,* p 416). This "test focuses on the statutory elements of the offense. If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied,

notwithstanding a substantial overlap in the proof offered to establish the crimes" *(Iannelli v United States,* 420 US 770, 785, n 17). On the other hand, "a person who has been convicted of a crime having several elements included in it may not subsequently be tried for a lesser-included offense— an offense consisting solely of one or more of the elements of the crime for which he has already been convicted", or for the greater offense, one or more of whose elements consist of the lesser-included offense *(Illinois v Vitale, supra,* at p 421; *People v Prescott,* 66 NY2d 216). Burglary in the second degree (Penal Law § 140.25) requires proof of facts not required to prove criminal possession of stolen property (namely, unauthorized entering or remaining in, as in this case, a dwelling), and criminal possession of stolen property in the third degree (Penal Law § 165.40) requires proof of facts not required to prove a burglary (namely, knowing possession of stolen property by the defendant with intent to benefit himself or a person other than the owner, or to impede recovery of the property by the owner).

Moreover, defendant's rights under constitutional double jeopardy provisions were not violated because there was no jurisdiction in Bronx County to prosecute defendant for the burglary which occurred in Westchester County (CPL 40.30 [2] [a]; *People v Artis,* 74 AD2d 644, 645). Gibbons, J. P., Thompson, Brown and Eiber, JJ., concur.