OPINION OF THE COURT
Myron N. Steinberg, J.
The defendant was indicted by a Nassau County Grand Jury *32 on September 23, 1985, charged with grand larceny, second degree. (Penal Law § 155.35.) In the indictment, it is alleged that, on or about July 15, 1985, the defendant stole a 1984 Pontiac Trans-Am from Robert Chevrolet, an automobile dealership in Hicksville, New York.
The defendant has moved to dismiss the indictment on the ground that the prosecution of the indictment is barred by dint of a "previous prosecution, pursuant to section 40.20” (CPL 210.20 [1] [e]). In support of his motion, the defendant alleges the following facts:
"Upon information and belief, the defendant appeared on September 25, 1985 in Passaic County New Jersey Superior Court and was sentenced to four years in a correctional facility for receiving stolen property. The receiving stolen property conviction was based on the defendant’s having been arrested on July 16, 1985 in Passaic County in possession of the same 1984 Pontiac automobile that he allegedly stole in Nassau County on July 15, 1985 from Robert Chevrolet.
"On August 19, 1985 the defendant was charged in a felony complaint with stealing the aforesaid Pontiac, and on September 23, 1985 he was indicted for Grand Larceny in the Third Degree [sic] in connection with that alleged theft.”
The People "do not contest the factual allegations set forth by defense counsel”, only his legal conclusions.
The fundamental principle that a defendant may not be placed twice in jeopardy for the same offense is embodied in the Federal and New York State Constitutions, and in the statutory law of this State. (US Const 5th Amend; NY Const, art I, § 6; CPL 40.20 [1].) In the instant case, there is no Federal constitutional issue involved even though the 5th Amendment prohibition was ruled applicable to the States in Benton v Maryland (395 US 784). (See, Matter of Abraham v Justices of N. Y. Supreme Ct., 37 NY2d 560, 564.) Under the "dual sovereignties” doctrine, successive State and Federal prosecutions based on the same transaction or conduct do not offend the double jeopardy prohibition (see, Heath v Alabama, 474 US —, 88 L Ed 2d 387 [decided Dec. 3, 1985]; Bartkus v Illinois, 359 US 121, 136-138, reh denied 360 US 907; People v Rivera, 60 NY2d 110, 114; Matter of Wiley v Altman, 52 NY2d 410, 413; Matter of Abraham v Justices of N. Y. Supreme Ct., supra, at pp 564-565). Therefore, the challenge here rests solely upon the application of CPL 40.20.
*33 CPL 40.20 supersedes the "dual sovereignties” doctrine and extends double jeopardy protection generally to offenses arising out of a common event. (People v Rivera, supra, at p 114.) Unless one of the seven enumerated exceptions set forth in CPL 40.20 (2) is made out, a person may not be "separately prosecuted for two offenses based upon the same act or criminal transaction”. Thus, "absent the statutory exceptions, no matter the number of statutory offenses technically violated, or the number of jurisdictions involved, an accused is not to suffer repeated prosecution for the same general conduct” (People v Abbamonte, 43 NY2d 74, 81-82).
This court must therefore first determine whether the instant prosecution for larceny of a 1984 Pontiac Trans-Am automobile and the prior prosecution in New Jersey for "receiving” stolen property (to wit: the same Trans-Am one day later) arise from the same criminal transaction. (CPL 40.20.) A criminal transaction is defined as "conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture.” (CPL 40.10 [2].) There is no question, and the People do not really contest, that this prosecution and the previous prosecution in New Jersey arise out of a "single criminal incident” and are integral parts of a "single criminal venture.” (See, People v Lennon, 80 AD2d 672, 673.)
However, the determination that only one criminal transaction is involved "does not automatically bar a second prosecution.” (People v Abbamonte, supra, p 82.) Seven exceptions, set forth in CPL 40.20 (2), "qualify the general proscription” (People v Abbamonte, supra, at p 82; see also, People v Rivera, supra, at p 114; People v Lennon, supra, at p 673). The People argue that the first two such exceptions apply to this case. (See, CPL 40.20 [2] [a], [b].)
The first provides:
"A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless:
"(a) The offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other” (CPL 40.20 [2] [a]; emphasis supplied). *34 The People argue that "there is clearly a difference in the elements” between the New York larceny statute (Penal Law § 155.35) and the New Jersey law defining "receiving stolen property.” (NJ Stats Ann § 2C:20-7.) "The People must prove value and theft by the defendant in a grand larceny, but under the New Jersey statute merely possession and knowledge of property stolen is sufficient.” The People further argue that the acts necessary to establish larceny are "clearly distinguishable” from those necessary to establish receiving stolen property, apparently because:
(1) under New Jersey law, larceny and receiving stolen property are "offenses of separate and inconsistent nature” (State v Vanderhave, 47 NJ Super 483, 486, 136 A2d 296, 298 [1957], affd sub nom. State v Giardina, 27 NJ 313, 142 A2d 609);
(2) the possession (i.e., receiving) occurred in another State one day after the larceny was allegedly perpetrated; and
(3) "[p]roof of possessing stolen property would not prove Grand Larceny in the Second Degree”.
The second exception relied upon by the People provides:
"A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless * * *
"(b) Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil” (CPL 40.20 [2] [b]; emphasis supplied). In support, the People argue that the defendant’s New Jersey conviction for receiving stolen property is "analogous to New York’s charge of receiving stolen property prior to New York’s revision of that Penal statute in 1967.” Citing People v Zimmer (174 App Div 470 [2d Dept 1916], affd 220 NY 597 [1917]) and State v Vanderhave (supra), the People assert that larceny and possession of stolen property are "separate, distinct offenses aimed at very different evils.” They contend, based upon Vanderhave (supra), that "New Jersey does not treat larceny and receiving stolen property as offenses aimed at the same evil, as New York [now] appears to be [doing]”. They also reiterate their contention, set forth in detail above, relating to the differing elements of the two crimes.
The state of the law in New York with respect to the double jeopardy/previous prosecution considerations implicated by successive prosecutions for larceny and possession of stolen *35 property is clear. It is generally held that the exception contained in CPL 40.20 (2) (a) is inapposite because the acts establishing the larceny are "not clearly distinguishable from those establishing the possessory crime” (People v Lennon, supra, at p 673; see, People v Harris, 119 Misc 2d 172, 178-179; People v Fletcher, 113 Misc 2d 5, 18-21; cf. People v Artis, 74 AD2d 644, 645; People v Williams, 123 Misc 2d 165, 171-173). As emphasized above, the statutory exception is couched in conjunctive, not alternative, terms. Both parts of the statutory exception must be satisfied before it may be invoked in a particular criminal transaction to defeat a previous prosecution claim. That portion of the exception requiring that the acts establishing the offenses be "clearly distinguishable” is not so satisfied. The exception contained in CPL 40.20 (2) (b) is generally held to be inapplicable to successive larceny/possession prosecutions because the harms or evils to be prevented by the respective statutes are not "very different”. "In fact, in New York, criminal possession of stolen property is but a form of larceny” (People v Lennon, supra, at p 673; see also, Matter of Wiley v Altman, 52 NY2d, at p 414; People v Harris, supra, at pp 176-178; People v Fletcher, supra, at pp 18-21). Furthermore, the other requirement of the paragraph (b) exception has also been deemed satisfied in larceny/possession prosecutions because "the larceny charge would have been impossible without the criminal possession. Thus the latter is considered a lesser included offense of the former (CPL 1.20, subd 37; People v Hayes, 43 AD2d 99, affd 35 NY2d 907). Accordingly, it cannot be said that each offense contains an element not contained in the other. Moreover, although a defendant may now be prosecuted for and convicted of both larceny and criminal possession, he may not be punished consecutively for both where they arose from the same criminal transaction (Penal Law, § 70.25, subds 2, 3; People v Short, 69 AD2d 985).” (People v Lennon, supra, at p 673, n; cf. People v Williams, supra, at p 172; contra, People v Harris, supra, at pp 176-178.) Therefore, if the New Jersey statutes treating larceny and possession of stolen property are not radically dissimilar from those in New York, the rationale of, and reasoning contained in, the foregoing cases would apply to this case and bar the instant prosecution.
The defendant was convicted in New Jersey of "receiving Stolen property.” (NJ Stats Ann § 2C:20-7.) In pertinent part, that statute provides "A person is guilty of theft if he knowingly receives or brings into this State movable property of *36 another [defined in NJ Stats Ann §2C:20-1 (e), (g), and (h)] knowing that it has been stolen, or believing that it is probably stolen. It is an affirmative defense that the property was received with purpose to restore it to the owner. 'Receiving’ means acquiring possession, control or title, or lending on security of the property.” (NJ Stats Ann § 2C:20-7 [a]; emphasis supplied.) The statute thus makes the knowing possession of stolen property, with an intent to benefit someone other than the owner, a crime. And, that, of course, is the basic definition of "criminal possession of stolen property” in New York. (Penal Law §§ 165.40, 165.45, 165.50.) "Theft” is the New Jersey equivalent of "larceny” and is defined, for the purposes of this case, as follows: "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with purpose to deprive him thereof.” (NJ Stats Ann § 2C:20-3 [a]; emphasis supplied.)
"Deprive” means: "(1) to withhold or cause to be withheld property of another permanently or for so extended a period as to appropriate a substantial portion of its economic value, or with purpose to restore only upon payment of reward or other compensation; or (2) to dispose or cause disposal of the property so as to make it unlikely that the owner will recover it.” (NJ Stats Ann § 2C:20-1 [a]; emphasis supplied.) When the foregoing is compared with New York’s definition of "larceny”, the similarity is striking: "A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.” (Penal Law § 155.05 [1]; emphasis supplied; see also, Penal Law § 155.00 [2], [3], [4]; NJ Stats Ann § 20.20-1 [f].)
The similarities extend further than that. It should be noted that the relationship between the larceny and the possession statutes in both jurisdictions is also similar, if not identical. For example, in New Jersey, on the facts presented by this case, the "grade” of both the actual theft and the "possession” crimes would be the same. That grade may be determined by reference to either the value of the property (NJ Stats Ann § 2G20-2 [b] [2] [a]) or its nature (i.e., an automobile) (NJ Stats Ann § 2020-2 [b] [2] [b]). In either instance they are both "third degree” crimes, punishable in the ordinary case by imprisonment for "a specific term of years which shall be fixed by the court and shall be between 3 years and 5 years” (NJ Stats Ann § 2043-6 [a] [3]). Had both crimes been within the *37 geographical jurisdiction of New Jersey, consecutive sentences would have been warranted only if the receipt of the goods somehow occurred separately from the actual taking. (State v Barnes, 54 NJ 1, 252 A2d 398 [1969], cert denied 396 US 1029; see, NJ Stats Ann § 2C:20-2 [a].) In New York, the larceny/ possession crimes chargeable in this case would both be class D felonies, based upon the value of the property stolen (Penal Law §§ 155.35, 165.50), punishable by up to seven years’ imprisonment in the ordinary case. (Penal Law § 70.00 [2] [d].) As with New Jersey, consecutive sentences in this case would not be authorized. (Penal Law § 70.25 [2]; § 165.60 [2]; Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 165.60, p 262.) Further, New Jersey has classified receiving stolen property as a form of theft. (NJ Stats Ann § 2C:20-7 [a] ["A person is guilty of theft if’].) In New York, criminal possession of stolen property is "but a form of larceny” (People v Lennon, supra, at p 673, citing Penal Law art 165; Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law art 165, p 217; § 165.40, p 242; see also, CPL 40.20 [2] [b]; Matter of Wiley v Altman, supra, at p 414). Furthermore, both pay no more than "lip service” to the concept that larceny and possession of stolen property by the thief are separate and discrete offenses, separately punishable. (See, Penal Law § 165.60 [2]; Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 165.60, p 262; § 70.25 [2], [3]; People v Lennon, 80 AD2d, at p 673, n; People v Short, 69 AD2d 985; People v Harris, 119 Misc 2d, at pp 177-178; People v Fletcher, 113 Misc 2d, at pp 18-19.) Compare, State v Barnes (supra) and State v Vanderhave (47 NJ Super 483, 486, 136 A2d 296, 298, supra): "The larceny and receiving being offenses of separate and inconsistent nature, there results the legal concept that the receiver must be someone other than the thief, or as our court has stated, '* * * that a person cannot be guilty of larceny and receiving of the same property.’ 2 Burdick, Law of Crime (1946), § 608, p 436; State v. Shelbrick, [33 NJ Super 7, 109 A2d 17 (App Div 1954)]; State v. Rose, 41 N.J. Super 434 (App. Div. 1956).” (Note, People v Daghita, 301 NY 223; see also, CPL 40.20 [2] [a], [b].) Finally, New Jersey’s lack of geographical jurisdiction over the actual stealing of the automobile does not "dilute” either constitutional or statutory double jeopardy/previous prosecution protections. (Matter of Wiley v Altman, supra; People v Williams, supra; compare, People v Artis, supra, at p 645; People ex rel. Heflin v Silber *38 glitt, 2 AD2d 767.) "[D]ouble jeopardy claims invoked under CPL 40.20 often arise where another State or the Federal Government has previously prosecuted a New York defendant for one segment of a criminal transaction, although only New York has jurisdiction over another, perhaps more serious segment of the same transaction. (See, e.g., Matter of Wiley v Altman, 52 NY2d 410 [where a previous Maryland prosecution for conspiracy to murder barred a later New York prosecution for the actual murder, even though Maryland lacked jurisdiction over the murder itself].)” (People v Williams, supra, at p 173.) Here, as in Matter of Wiley v Altman (supra) the New Jersey receiving stolen property statute provides for the same penalty as the "object” crime (i.e., the actual "theft”) (NJ Stats Ann §§ 2C:20-7, 2C:20-3 [a]; § 2C:20-2 [b] [2] [b]). "Clearly, then, both the [New Jersey] prosecution, based though it was on that State’s [receiving stolen property] statute, and the present prosecution for [larceny] under this State’s laws were directed at a like goal; punishment for the unlawful taking of a particular [automobile]” (Matter of Wiley v Altman, 52 NY2d, at p 414; cf. Matter of Abraham v Justices of N. Y. Supreme Ct., 37 NY2d, at p 567; see, CPL 40.20 [2] [b]).
Based upon the forgoing, it is clear that the double jeopardy/previous prosecution analyses contained in Lennon (supra), Harris (supra) and Fletcher (supra) apply here. This case does not fit within the parameters of any of the exceptions set forth in CPL 40.20 (2). Specifically, the acts establishing larceny are not "clearly distinguishable” from those establishing the possessory crime (CPL 40.20 [2] [a]), and the statutory provisions involved are not designed to prevent "very different” kinds of harm or evil (CPL 40.20 [2] [b]). The instant prosecution of the defendant for larceny (Penal Law § 155.35) of a 1984 Pontiac Trans-Am on July 15, 1985 is therefore barred by his previous conviction in New Jersey for possession (NJ Stats Ann § 2C:20-7) of that stolen vehicle on July 16, 1985. (CPL 40.20 [1].) That portion of the defendant’s motion seeking an order dismissing the instant indictment pursuant to CPL 210.20 (1) (e) is granted.
[Portions of opinion omitted for purposes of publication.]