OPINION OF THE COURT
Larry M. Himelein, J.
Defendant is charged with second degree burglary for allegedly entering the residence of Edward Reading on November 10, 1992. According to the People, a television set was stolen from the residence during the burglary. The instant indictment was reported on February 7, 1993. However, on December 15, 1992, defendant was charged in Jamestown City Court with criminal possession of stolen property for allegedly pos *42 sessing the television stolen during the burglary. He has since been convicted of the possession charge, although the conviction occurred after the indictment was reported.
Defendant has now moved to dismiss the indictment on the grounds that prosecution of the burglary charge is barred by the double jeopardy provisions of the US Constitution, CPL 40.20, Grady v Corbin (495 US 508) and People v Claud (76 NY2d 951). Defendant contends that the People will try to establish the burglary by proving that defendant possessed the television soon after the burglary (taking advantage of the recent and exclusive possession inference) while Grady holds that the Double Jeopardy Clause bars a prosecution when, to establish an essential element of the crime, the prosecution will establish conduct for which defendant has already been prosecuted.
The People argue that the Second Department has held that a prosecution for possessing stolen property does not preclude a subsequent prosecution for the burglary during which the property was stolen (People v Harris, 116 AD2d 588). Further, they argue that proof of defendant’s possession of the stolen television is only one of several pieces of evidence the People intend to introduce.
In Blockburger v United States (284 US 299), the Supreme Court ruled that the Double Jeopardy Clause prohibits successive prosecutions for the same act unless each statute requires proof of a fact that the other does not.
In Illinois v Vitale (447 US 410), the defendant struck and killed two youngsters with his car. He pleaded guilty to a charge of failing to reduce speed. Later, he was charged with involuntary manslaughter with a motor vehicle. Using a Blockburger analysis, the Supreme Court concluded that the Double Jeopardy Clause did not bar the second prosecution. However, it appears the Court did so, at least in part, because it was not clear what acts of the defendant the prosecution would rely on in the subsequent prosecution. The Court, in fact, suggested that if the prosecution sought to establish an essential element of the second crime, i.e., involuntary manslaughter, by proving the conduct for which the defendant was convicted previously, i.e., failing to reduce his speed, the prosecution might be barred by double jeopardy considerations.
In Grady (supra), the Court adopted the Vitale "suggestion” and held that the Double Jeopardy Clause bars a subsequent *43 prosecution if, to establish an essential element of the crime, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted. In Grady, the defendant, while driving drunk, struck another vehicle, killing one of the occupants and seriously injuring another. He was charged with driving while intoxicated and failure to keep right and pleaded guilty to both charges on the return date. He was later indicted for manslaughter, vehicular manslaughter, criminally negligent homicide, assault and two counts of driving while intoxicated. A bill of particulars recited that to establish the homicide and assault charges, the People would prove operation while intoxicated and failure to keep right of the median, among other things.
Using a straightforward Blockburger analysis, the charges of manslaughter and driving while intoxicated had to be dismissed. The DWI were the same charges defendant had been prosecuted for and DWI is a lesser included offense of vehicular manslaughter. Thus, prosecution of these offenses was barred by Blockburger (supra). However, the People claimed correctly that Blockburger did not bar the reckless manslaughter, criminally negligent homicide or assault charges since these crimes required elements not common to driving while intoxicated or vehicular manslaughter and vice versa.
The critical inquiry, said the Court, is what conduct the State will prove (495 US, at 521). If that conduct was the subject of a previous prosecution, double jeopardy will bar the new prosecution. However, the Court noted that were the People to rely on other conduct of the defendant for which he had not been prosecuted, the prosecution would be permitted (495 US, at 523).[1]
Grady (supra) instructs that the trial court must first apply the traditional Blockburger test in determining whether a prosecution is barred by the Double Jeopardy Clause. Under that test, this prosecution is clearly not barred. The crimes of *44 criminal possession of stolen property and burglary each require elements not common to the other and neither is a lesser included of the other.
Having survived that inquiry, the prosecution must then survive the Vitale-Grady inquiry: will the State, to establish an essential element of the crime, prove conduct that constitutes an offense for which the defendant has already been prosecuted? If the People, to prove the burglary, will prove defendant’s possession of the television set in Jamestown on November 11 or 12, 1992, the prosecution is barred by Grady (supra). However, if they will attempt to prove the burglary without reference to defendant’s possession of the television, the prosecution may proceed (Grady v Corbin, supra, 495 US, at 523).
Because Grady (supra) was decided after People v Harris (supra), I believe Harris must be disregarded. Harris correctly applied the Blockburger standard then in effect but never proceeded to the second step which did not become mandated until Grady.
Accordingly, I believe defendant is correct in arguing that Grady (supra) bars the instant prosecution if the People intend to utilize defendant’s conduct in possessing the television set in Jamestown. However, how do we know whether the People will in fact offer that proof?[2]
In Grady (supra), the determining factor in both the Court of Appeals and the Supreme Court decisions was that the prosecution had filed a bill of particulars that recited their intention to prove defendant’s driving while intoxicated and failure to keep right as part of their proof on the homicide and assault charges. This was binding on the People until amended (see, Matter of Corbin v Hillery, 74 NY2d 279, 290; Grady v Corbin, supra, 495 US, at 522-523). Since the defendant had already been prosecuted for the DWI and failure to keep right, double jeopardy barred the prosecution of the homicide and assault charges.
Here, the indictment is silent on precisely what facts the People will prove to establish the burglary. A bill of particulars has been neither sought nor served. The only reference to what the People will prove was contained in the Assistant District Attorney’s affidavit opposing this motion. This affidavit claimed that defendant’s possession of the television was *45 but a small part of the People’s case and left open the possibility that the case could be prosecuted without reference to this evidence.
It matters not whether this proof is a "small” or "large” part of the People’s case; Grady (supra), in my opinion, bars the People from utilizing conduct which has already been prosecuted as evidence in a subsequent prosecution. However, I cannot conclude that the affidavit filed by the Assistant District Attorney binds the People as did the bill of particulars in Grady.
Thus, I find myself in the same position as did the Supreme Court in Illinois v Vitale (supra); since it is unclear whether the People will seek to utilize defendant’s possession of the television set, I cannot conclude that double jeopardy applies. However, should the People seek to utilize this proof, double jeopardy will bar the burglary prosecution.[3]
Accordingly, at this juncture, the motion is denied.

. The same term, the Court decided Dowling v United States (493 US 342). In Dowling, the defendant was charged and acquitted of burglary and attempted burglary. He was subsequently charged with robbing a bank and the prosecution sought to use the case he was acquitted of to establish that he was a robber! Incredibly, the Supreme Court found no violation of double jeopardy or collateral estoppel principles. How Dowling and Grady (supra) can be reconciled is far beyond my limited mental prowess. Interestingly, the defendant who was acquitted in the first prosecution (Dowling) is in worse shape than the one who was convicted (Grady).

. This problem was anticipated in one of the dissents in Grady (see, Grady v Corbin, supra, 495 US, at 540 [Scalia, J., dissenting]).

. I recognize that both parties would like an order entered that could be appealed immediately and I would prefer to be more accommodating. If defendant were to bring a CPLR article 78 proceeding to prohibit this prosecution, it might be premature for the reasons discussed above. I would entertain a request or motion for a bill of particulars, even though untimely, on the grounds that good cause is shown to consider such a request at this time. If the People’s bill of particulars states that possession of the television in Jamestown will be proven at the burglary trial, the indictment will be dismissed; if the People will not prove the possession at trial, the prosecution will go forward.