OPINION OF THE COURT
Carol Berkman, J.
Defendant, charged with robbery in the first degree, has moved pursuant to CPL 40.20 and 40.40 for an order dismissing the indictment on the grounds that this prosecution violates his statutory double jeopardy rights and the rules of mandatory joinder. The motion is denied.
QUESTION PRESENTED
Does a prosecution for criminal possession of stolen property bar a subsequent prosecution for the forcible robbery of that property either on mandatory joinder or statutory double jeopardy grounds? Contrary to People v Williams (123 Misc 2d 165), the only reported decision on this exact issue, this court concludes that there is no bar to this robbery prosecution.
FACTS
On September 26, 1993, Jennifer Fuqua was robbed at knifepoint in a car of an "L” subway train in Manhattan. The perpetrator took Fuqua’s carry-all purse and an organizer which contained numerous personal papers and effects, including several identification and credit cards.
On September 28, 1993, defendant was arrested for a purse snatch in Brooklyn and was found in possession of Fuqua’s organizer and a number of her credit cards. A complaint was drawn charging him, inter alla, with petit larceny (based on the alleged purse snatch) and criminal possession of stolen *504 property in the fifth degree (based on the possession of Fuqua’s credit cards).
On the evening of September 28th, a lineup was conducted at the 79th Precinct and Fuqua identified defendant as the man who had robbed her at knifepoint in Manhattan.
On September 29th, defendant was arraigned in Brooklyn Criminal Court. At that time he entered a plea of guilty to Penal Law § 155.25 (the petit larceny that occurred in Kings County) in full satisfaction of the docket. During the course of the factual allocution, however, defendant admitted only to criminal possession of Fuqua’s credit cards and would not admit the Brooklyn petit larceny. The plea was nonetheless accepted and defendant was immediately sentenced to 90 days.
On October 4, 1993 defendant was indicted for the September 26, 1993 robbery of Fuqua.
CONCLUSIONS OF LAW
The issue is whether the instant prosecution for robbery in the first degree is barred by CPL 40.20. Generally, CPL 40.20 prohibits separate prosecutions for offenses which are part of the same "transaction.” As a threshold matter, the robbery and criminal possession of stolen property charges against defendant arise out of the same criminal transaction as that term is defined by CPL 40.10. (See, People v Lennon, 80 AD2d 672, 673 [1981] [conduct constituting the crimes of larceny and criminal possession of stolen property " 'so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture’ ”].)
However, this conclusion begins rather than ends the inquiry. CPL 40.20 contains seven statutory exceptions that, if applicable, defeat a statutory double jeopardy claim. Most obviously relevant here is CPL 40.20 (2) (b) which authorizes multiple prosecutions if "[e]ach of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil” (emphasis supplied).
The offenses of robbery and criminal possession of stolen property each contain an element which is not an element of the other — for example, force for one and possession of property for the other. (People v Brown, 70 NY2d 857 [criminal possession of stolen property is not a lesser included offense of *505 robbery].) Accordingly, this prosecution survives constitutional double jeopardy scrutiny under the test of Blockburger v United States (284 US 299; People v Artis, 74 AD2d 644).
This prosecution also passes the second prong of the statutory test. Each of the two crimes, robbery and criminal possession of stolen property, involve very different evils, although both have larceny in common. Robbery is a forcible crime against the person of another; criminal possession of stolen property, on the other hand, is a property crime. Indeed, defendant concedes that robbery and criminal possession of stolen property "certainly are very different kinds of harm or evil.”
Unlike mere possessory or theft offenses, robbery must be accompanied by circumstances of violence, threats or terror to the person despoiled. (Mahoney v People, 48 How Prac 185 [1874], affd 59 NY 659.) It is not a secretive or clandestine act focused on the mere acquisition or retention of the true owner’s property, as in the case of the knowing possession of stolen goods. Rather it is a far more public act, where the perpetrator intends, at least, to violate a person’s sense of peace and integrity. This trespass on the victim’s person, with its potential attendant psychological and physical consequences, is qualitatively different from a mere transgression against property.
The court is not unmindful of the decisions holding that successive prosecutions for criminal possession of stolen property and larceny are barred under CPL 40.20. (See, e.g., People v Lennon, 80 AD2d 672 [3d Dept 1981], supra; People v Nowakowski, 132 Misc 2d 31 [Nassau County Ct 1986]; People v Harris, 119 Misc 2d 172 [Westchester County Ct 1983]; People v Fletcher, 113 Misc 2d 5 [Sup Ct, NY County 1982].) That situation is clearly distinguishable from the situation here. People v Williams (123 Misc 2d 165 [Sup Ct, Bronx County 1984], supra), relied upon by defendant, squarely holds that a robbery prosecution is barred on both constitutional and statutory double jeopardy grounds by a prior prosecution for criminal possession of stolen property. Even in so holding, the court acknowledged that the offenses of robbery and criminal possession of stolen property are directed at substantially different evils. Particularly in light of People v Brown (supra), which was decided subsequent to Williams, this court squarely disagrees with the Williams decision. This prosecution for robbery meets both prongs of CPL 40.20 (2) (b) — and a *506 similar analysis would invoke CPL 40.20 (2) (a). This prosecution is not barred.
Defendant’s alternative assertion, that the instant prosecution must be dismissed on mandatory joinder grounds is equally unavailing. CPL 40.40 (1) provides that "[w]here two or more offenses are joinable in a single accusatory instrument against a person by reason of being based upon the same criminal transaction * * * such person may not * * * be separately prosecuted for such offenses even though such separate prosecutions are not otherwise barred by any other section of this article.” However, the principle of mandatory joinder is inapplicable here as the crimes at issue occurred in two different counties and could be tried only in the counties in which they occurred. (CPL 20.40; People v Leonard, 106 AD2d 470 [2d Dept 1984] [where robbery occurred in Kings County and defendant was arrested in New York County with proceeds of that robbery on subsequent date, Kings County lacked geographical jurisdiction over the possession count].)
Accordingly, defendant’s motion to dismiss the indictment is denied in its entirety.