(October 30, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PERKINS, Appellant. [665 NYS2d 254] —Judgment, Supreme Court, New York County (Carol Berkman, J., on motion to dismiss; Antonio Brandveen, J., at jury trial and sentence), rendered January 23, 1995, convicting defendant of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 10 to 20 years, and a fine of $1,000, unanimously modified, as a matter of discretion in the interest of justice, to vacate so much of the judgment as imposed a monetary fine upon defendant, and otherwise affirmed.

Since defendant's motion to dismiss the indictment, alleging violation of the joinder requirement of CPL 40.40, was based on a completely different theory (*see,* 161 Misc 2d 502) from the theories raised for the first time on appeal, his current claims addressed to CPL 40.40 are unpreserved (*see, People v Logan*, 74 NY2d 859; *People v Gomez*, 67 NY2d 843, 844-845) and we decline to review them in the interest of justice. Were we to review them, we would find them to be without merit. The New York County robbery could not have been prosecuted in Kings County merely on the basis of defendant's arrest in Kings County, days later, in possession of the fruits of the robbery (*see, People v Harris*, 116 AD2d 588; *People v Leonard*, 106 AD2d 470, *lv denied* 64 NY2d 1020; *People v Artis*, 74 AD2d 644), absent additional circumstances linking the two crimes (*see, People v Shouder*, 237 AD2d 545; *People v Danielson*, 184 AD2d 723, 724, *lv denied* 80 NY2d 928). We further conclude that CPL 20.40 (4) (f) would not have conferred jurisdiction upon Kings County under the facts presented (*cf., People v Greenberg*, 89 NY2d 553, 555). Defendant's constitutional double jeopardy claim is without merit (*see, People v Latham*, 83 NY2d 233, 238).

We find that, in the present circumstances, the imposition of a monetary fine was inappropriate. Concur—Murphy, P. J., Rosenberger, Ellerin, Rubin and Tom, JJ.