■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK DAVIS, Appellant. [716 NYS2d 60] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered August 4, 1997, convicting him of robbery in the third degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant erroneously contends that the prohibition against double jeopardy bars his conviction of criminal possession of stolen property in the fifth degree, because his conviction of robbery in the third degree arose from the same factual predicate. "Robbery requires proof of a fact not required for possession of stolen property (namely forcible stealing; *see,* Penal Law, § 160.05), and possession of stolen property requires proof of a fact not required for robbery (namely, intent to benefit the possessor or a person other than the owner, or to impede recovery of the property by the owner; *see,* Penal Law, § 165.40)" (*People v Artis,* 74 AD2d 644; *see, Blockburger v United States,* 284 US 299; *People v Prescott,* 66 NY2d 216, *cert denied* 475 US 1150; *People v Perkins,* 161 Misc 2d 502).

The defendant's contention that certain statements made by the prosecutor on summation constituted reversible error is largely unpreserved for appellate review since he failed to object or did not object with sufficient specificity, failed to ask for curative instructions, or failed to request a mistrial when they were made (*see,* CPL 470.05 [2]; *People v Antonio,* 255 AD2d 449; *People v Persaud,* 237 AD2d 538). In any event, his contention is without merit since the prosecutor's statements were either fair comment on the facts adduced at trial (*see, People v Ashwal,* 39 NY2d 105), a fair response to the defense counsel's arguments on summation (*see, People v Scotti,* 220 AD2d 543; *People v Rosario,* 195 AD2d 577), or do not require reversal.

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Thompson, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.