■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. COBB, Appellant. [798 NYS2d 477]—Appeal by the defendant from a judgment of the County Court, Westchester County (Alessandro, J.), rendered June 10, 2004, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was coerced into pleading guilty is unpreserved for appellate review (*see People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Pellegrino*, 60 NY2d 636, 637 [1983]; *People v Coles*, 240 AD2d 419 [1997]). In any event, nothing in the record of the plea allocution calls into question the voluntary, knowing, and intelligent nature of the defendant's bargained-for plea (*see People v Seeber*, 4 NY3d 780 [2005]; *People v Banister*, 15 AD3d 497 [2005]). The defendant's claim that his plea was the product of ineffective assistance of counsel was belied by his acknowledgment at the plea proceeding that he was satisfied with the representation of his attorney (*see People v LaFurno*, 8 AD3d 498 [2004]; *People v Weekes*, 289 AD2d 599 [2001]). Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.

■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK DAVIS, Appellant. [796 NYS2d 253]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order on this Court dated November 6, 2000 (*People v Davis*, 277 AD2d 248 [2000]), affirming a judgment of the Supreme Court, Queens County, rendered August 4, 1997.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Prudenti, P.J., H. Miller, Schmidt and Luciano, JJ., concur.