THE STATE OF OHIO, APPELLEE, *v.* LONG, APPELLANT.

(No. 82AP-574—Decided February 10, 1983.)

*Mr. Michael Miller,* prosecuting attorney, and *Ms. Karen L. Martin,* for appellee.

*Mr. James Kura,* county public defender, and *Mr. Allen V. Adair,* for appellant.

REILLY, J. Defendant was indicted for one count of aggravated vehicular homicide (R.C. 2903.06). He filed a motion to dismiss on the ground of double jeopar-dy. The parties stipulated the facts which read as follows:

"1. The defendant was involved in an automobile accident that resulted in the death of Steven·W. Brown, Jr., age 11, and injuries to Rodney White, age 11, and Marvin Horton, age 12.

"2. Said accident occurred in the City of Columbus, Franklin County, Ohio on December 3, 1981.

"3. The defendant was cited on December 3, 1982 [*sic*] for the following traffic code violations from the Columbus City Code:

"a. OMVI, 2133.01 C.C.

"b. No Operator's License, 2135.01 C.C.

"c. Failure to Control, 2133.33 C.C.

"d. Improper Brakes, 2137.18 C.C.

"4. On December 3, 1981 Steven W. Brown, Jr. was taken to the emergency room at Children's Hospital in Columbus, Ohio.

"Steven W. Brown, Jr. had no vital signs on arrival at the hospital. The doctors and staff at the hospital were able to chemically induce vital responses and placed Steven W. Brown, Jr. on a respirator, a mechanical life support system.

"This action was taken in order to save the child's life if any life could exist following the massive head injuries and other trauma suffered by Steven Brown, Jr.

"The head nurse of the emergency room informed the investigating law enforcement official at that time that they did not expect Steven Brown, Jr. to survive.

"The child was maintained on the respirator until December 7, 1981. At that time the decision was made by the doctors, with the consent of the parents to remove the child from the artificial support system. The parents consented to donating some of Steven's vital organs at that time. Steven W. Brown, Jr. was pronounced dead at 4:59 P.M., December 7, 1981.

"5. On December 4, 1981, the defendant appeared in the Franklin County Municipal Court to answer the charges filed against him by the Columbus Police. Pursuant to plea negotiations, the defendant, with counsel, pleaded guilty to OMVI and No Operator's License. The Failure to Control and Improper Brakes charges were dismissed. Sentence was imposed at that time.

"6. Attached are certified copies of the four traffic citations.

"7. The indictment in this case was filed against the defendant on December 23, 1981.

"8. The prosecution claims that it has multiple theories of recklessness to support the charge in this case that it is not relying exclusively on the OMVI charge itself to attempt to prove reckless operation of a motor vehicle."

The trial court's entry, which overruled defendant's motion to dismiss, reads in part as follows:

"After considering the facts and law on this case, the defendant's motion to dismiss on double jeopardy grounds is overruled. However, the Court does find that this ruling is a final appealable order and that said appeal would not be frivolous considering the complexities of the issues and law involved. Motion to dismiss overruled, permission to seek a direct appeal from this ruling is granted to the defendant."

Defendant asserts the following assignment of error:

"The court below erred in overruling appellant's motion for dismissal on the basis of double jeopardy."

R.C. 2903.06(A) reads:

"No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall recklessly cause the death of another."

Columbus City Code Section 2133.01(a) states:

"No person who is under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse, shall operate any vehicle within this City."

Defendant contends that Columbus City Code Section 2133.01 (C.C. 2133.01), is a lesser included offense of R.C. 2903.06, and that his prosecution under R.C. 2903.06 is consequently barred by his conviction under C.C. 2133.01, because of double jeopardy.

The Supreme Court, in *State* v. *Wilkins* (1980), 64 Ohio St. 2d 382, 384 [18 O.O.3d 528], stated:

"An offense may be a lesser included offense of another only if (i) the offense is a crime of lesser degree than the other, (ii) the offense of the greater degree cannot be committed without the offense of the lesser degree also being committed and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."

C.C. 2133.01 requires proof that the defendant was under the influence of alcohol, an element not included or required in R.C. 2903.06. Moreover, R.C. 2903.06 requires proof that the driver caused the death of another; this element is not included in C.C. 2133.01. Hence, the second and third elements of the *Wilkins* test are not met in this case. Thus, C.C. 2133.01 is not a lesser included offense of R.C. 2903.06, and prosecution under the latter is not barred by the Double Jeopardy Clause.

Defendant cites *State* v. *Best* (1975), 42 Ohio St. 2d 530 [71 O.O.2d 517]. Notwithstanding, *Best* is distinguishable from this case, since the prosecution in *Best* proceeded under R.C. 4511.811, the predecessor to R.C. 2903.06, which specifically included driving under the influence of alcohol as a provision under which a person could be prosecuted for aggravated vehicular homicide if death resulted. Further, in *Best,* the indictment specifically charged defendant with vehicular homicide while driving under the influence of alcohol. In this case, the prosecution did not rely exclusively on the

OMVI charge, but had several other theories for prosecution pursuant to R.C. 2903.06. Hence, if plaintiff can prove recklessness without considering defendant's intoxication charge, there is no double jeopardy of prosecution for aggravated vehicular homicide.

The facts, as noted above, show that the victim, Steven Brown, Jr., had no vital signs upon arrival at the hospital. He was revived by chemical means and placed on a life support system. He was not removed from the system until December 7, 1981, the same day he was pronounced dead, which was three days after defendant pleaded guilty to and was sentenced for the OMVI charge.

Defendant's argument that Brown died on December 3, 1981 is incorrect since the facts indicate Brown's vital functions were restored by means of a respirator and was kept alive by a life support system. Regardless of anyone's speculation as to impending death, the offense of aggravated vehicular homicide does not occur until the death of the victim which, in this case, occurred on December 7, 1981. As a consequence, the fundamental fact underlying a charge of homicide had not occurred at the time defendant entered his pleas on December 4, 1981.

R.C. 2108.30 states in part:

"An individual is dead if he has sustained either irreversible cessation of circulatory and respiratory functions or irreversible cessation of all functions of the brain, including the brain stem, as determined in accordance with accepted medical standards. If the respiratory and circulatory functions of a person are being artificially sustained, under accepted medical standards a determination that death has occurred is made by a physician by observing and conducting a test to determine that the irreversible cessation of all functions of the brain has occurred."

There is no indication that the physician's determination was not based on accepted medical standards and tests.

Thus, defendant's assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and NORRIS, J., concur.