OPINION OF THE COURT
Simons, J.
Defendant was tried previously on charges of attempted intentional murder (Penal Law, §§ 110.00, 125.25), intentional assault (Penal Law, § 120.10), reckless endangerment (Penal Law, § 120.25) and criminal possession of a weapon (Penal Law, § 265.01). He was convicted of reckless endangerment and criminal possession of a weapon. After the trial, the victim died and defendant was indicted for depraved mind murder (Penal Law, § 125.25, subd 2).[1] He has moved to dismiss the murder indictment claiming that this subsequent prosecution is barred. The People rely upon CPL 40.20 (subd 2, par [d]). It permits a second prosecution as an exception to the prohibition against separate prosecutions for two offenses based on the same act or criminal transaction, in cases of delayed death where the victim subsequently dies from the physical injuries resulting from the “assault or * * * other offense” for which the assailant was previously prosecuted.
In July, 1976, defendant Rivera and his codefendant, Suarez, were indicted in Bronx County for attempted murder in the second degree, intentional assault in the first
*113 degree, reckless endangerment in the first degree and criminal possession of a weapon in the fourth degree. The indictment alleged that on July 6, 1976 defendants beat Felix Fonseca about the head with pipes, causing him to lapse into a coma. The attempted intentional murder count was dismissed by the court at the close of the People’s case because the People’s proof was insufficient to establish an intent to kill Fonseca. The remaining counts were submitted to the jury and it returned a verdict acquitting both defendants of the intentional assault count but convicting them of reckless endangerment in the first degree[2] and criminal possession of a weapon in the fourth degree.
Nearly four years later, in November, 1980, Felix Fonseca died. Defendant and Suarez[3] were again indicted in Bronx County, but this time they were indicted for the crime of murder in the second degree arising from the alleged reckless killing of Fonseca under circumstances evincing a depraved indifference to human life. Defendant moved to dismiss the indictment on double jeopardy and statutory grounds. He contended that the doctrine of collateral estoppel also precluded a prosecution for murder because his acquittal of assault and attempted murder and conviction only for reckless endangerment in the initial prosecution contained an implicit finding by the jury that he had not caused any physical injury to the victim.
The trial court dismissed the indictment holding that reckless endangerment in the first degree requires proof of the same elements as depraved mind murder and that the two crimes were substantially the “same offense”. In reaching this result, the court also invoked the mandatory joinder provision of CPL 40.40 and ruled that the People could not prosecute defendant for depraved mind murder because a charge of reckless assault in the first degree, a lesser included offense of depraved mind murder, had not been joined in the initial indictment. It did not address defendant’s collateral estoppel argument. The Appellate *114 Division unanimously reversed the order of dismissal and reinstated the indictment.
On this appeal defendant maintains that a subsequent prosecution for murder is permissible in cases of delayed death only when an earlier prosecution results in a conviction of assault (not when it results in an acquittal of assault), and he renews his arguments concerning collateral estoppel and the mandatory joinder provisions of CPL 40.40.
It is a fundamental principle of our constitutional system that a defendant may not be placed twice in jeopardy for the same offense (US Const, 5th Arndt; NY Const, art I, § 6). The Legislature, however, has extended the constitutional protections further by enactment of CPL 40.20 (subd 1) which prohibits a second prosecution arising from the same transaction as an earlier one (see Matter of Abraham v Justices of N. Y. Supreme Ct., 37 NY2d 560). This statutory prohibition against separately prosecuting a person for the same offense was enacted primarily to supersede the “dual sovereignties” doctrine which permitted successive State and Federal prosecutions based on the same transaction or conduct and it extended protection for second prosecutions beyond that required by the constitutional double jeopardy clause (see People v Abbamonte, 43 NY2d 74, 81; Matter of Abraham v Justices of N. Y. Supreme Ct., supra). Recognizing that the general rule barring subsequent prosecutions was too broad, however, the Legislature added to the statute six exceptions in which a second prosecution is expressly permitted (CPL 40.20, subd 2, pars [a]-[f]; see, also, ALI Model Penal Code, Proposed Official Draft [1962], §§ 1.09, 1.10). Relevant here is the fourth of these which deals with cases of delayed death and is found in paragraph (d). It authorizes a second prosecution when: “One of the offenses is assault or . some other offense resulting in physical injury to a person, and the other offense is one of homicide based upon the death of such person from the same physical injury, and such death occurs after a prosecution for the assault or other nonhomicide offense.”
The need for the exception is obvious. It is impossible to prosecute anyone for homicide until the victim is dead and *115 death which occurs subsequent to trial of one of the offenses within the reach of the statute is a supervening fact which creates a new offense which was not chargeable originally. Thus, charging defendant with murder for a death occurring after the first conviction arising out of the injury does not place him in jeopardy twice (see Diaz v United States, 223 US 442).
Moreover, there are sound policy reasons why this should be so. The defendant should be tried as soon as possible for offenses already consummated — the death did not occur until almost four years later in this case — while the evidence is available and witnesses’ recollections fresh. If he is guilty he should be punished promptly. Conversely, if he is innocent he should not be held for lengthy periods until the full consequences of his conduct are known.
Turning to the language of the exception, it permits a subsequent prosecution for death occurring after a prosecution for assault or some other offense resulting in physical injury. The offenses involved in the initial prosecution of defendant were assault and reckless endangerment. Both are consistent with physical injury (see People v Figueroa, 73 AD2d 674, 675, mot for lv to app den 49 NY2d 893), and although physical injury is not an element of reckless endangerment, the evidence established that in this instance physical injury resulted from the prior reckless endangerment and that is sufficient. Accordingly, both the assault and reckless endangerment offenses are encompassed within the statutory language. The statutory requirements having been met, it is irrelevant that the crime charged in the prior prosecution is based on the same act or transaction, contains similar elements to that crime subsequently charged or whether it resulted in conviction or acquittal[4] (see Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 40.20, p 249; see, generally, Former Acquittal-Homicide-Assault, Ann., 37 ALR2d 1068, 1072, and 37 ALR2d Later Case Service, p 166; Homicide-Former Jeopardy, Ann., 11 ALR3d 834). This follows logically because the rationale underlying the *116 exception is that the two prosecutions are for different crimes. The point is illustrated in Diaz v United States (223 US 442, supra), in which the defendant was tried and convicted of assault and subsequently prosecuted for murder when his victim died. In holding the subsequent murder prosecution permissible, the Supreme Court noted that while assault and homicide shared many common elements, the principal element of death distinguished them. Indeed, the homicide offense was not consummated and subject to prosecution until the moment of death. .
To be compared and distinguished are cases in which the prosecution was not delayed because the victim remained alive, cases in which the more serious crime could have been prosecuted from the outset (see, e.g., Illinois v Vitale, 447 US 410; Brown v Ohio, 432 US 161). In those circumstances, subsequent prosecution is barred by the constitutional prohibition against double jeopardy if every element of the lesser offense of which defendant has been convicted is also included in the greater offense (Blockburger v United States, 284 US 299). This was the rule which persuaded the trial court that the statutory exception did not permit the second prosecution here. Noting that all the elements of reckless endangerment first degree were to be found in depraved mind murder, it held the two were in reality the same offense. The reasoning of the Diaz case sets forth the exception for delayed death cases, however (see, also, Illinois v Vitale, supra, at p 420, n 8; Brown v Ohio, supra, at p 169, n 7), and the trial court’s contrary holding permits the rule against a second prosecution set forth in section 40.20 (subd 1) to swallow up the exception the Legislature intended.
Defendant’s collateral estoppel point is based upon his contention that a finding that defendant did not cause physical injury to the victim is implicit in the termination of the assault and attempted murder charges favorably to him. We find the argument unpersuasive. The jury which acquitted defendant of intentional assault but convicted him of reckless endangerment could reasonably have based its verdict upon the different mens rea elements of those crimes, rather than on the issue of whether defendant and Suarez injured Felix Fonseca (see Ashe v Swenson, 397 US *117 436, 443-444; Matter of McGrath v Gold, 36 NY2d 406, 411).
Finally, defendant contends that the prosecution for depraved mind murder, which involves reckless conduct, violates the statutory provision that every joinable offense must be prosecuted in the same indictment because a charge of reckless assault in the first degree was not included in the initial indictment.[5] Manifestly, the joinder section is not applicable because defendant is currently charged with murder, not reckless assault. At the time the initial prosecution was brought, the People did not charge murder because the victim had not expired, the offense had thus not been consummated, and, consequently, legally sufficient evidence for the charge did not yet exist.
In sum, the prosecution is permitted by the language of the exception set forth in section 40.20 (subd 2, par [d]) and there is no violation of the second prosecution provision. The new offense is one of homicide, arising from the death of the victim from the same injury which resulted from the offense prosecuted. Thus, the only factor distinguishing the depraved mind murder prosecution from the prior charge of reckless endangerment, was the delayed death. The statutory exception was designed to encompass that event, and it applies here.
Accordingly, the order of the Appellate Division should be affirmed.
*118 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur.
Order affirmed.

. Section .125.25 of the Penal Law provides:
“A person is guilty of murder in the second degree when: * * *
“2. Under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person”.

. Section 120.25 of the Penal Law provides: “A person is guilty of reckless endangerment in the first degree when, under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates, a grave risk of death to another person.”

. The charges against Suarez are not before us.

. It is not necessary to our decision to resolve how the statute applies to the dismissed count of attempted murder and since the parties have not addressed the issue, we have not decided it.

. CPL 40.40 provides:
“1. Where two or more offenses are joinable in a single accusatory instrument against a person by reason of being based upon the same criminal transaction, pursuant to paragraph (a) of subdivision two of section 200.20, such person may not, under circumstances prescribed in this section, be separately prosecuted for such offenses even though such separate prosecutions are not otherwise barred by any other section of this article.
“2. When (a) one of two or more joinable offenses of the kind specified in subdivision one is charged in an accusatory instrument, and (b) another is not charged therein, or in any other accusatory instrument filed in the same court, despite possession by the people of evidence legally sufficient to support a conviction of the defendant for such uncharged offense, and (c) either a trial of the existing accusatory instrument is commenced or the action thereon is disposed of by a plea of guilty, any subsequent prosecution for the uncharged offense is thereby barred.
“3. When (a) two or more of such offenses are charged in separate accusatory instruments filed in the same court, and (b) an application by the defendant for consolidation thereof for trial purposes, pursuant to subdivision five of section 200.20 or section 100.45, is improperly denied, the commencement of a trial of one such accusatory instrument bars any subsequent prosecution upon any of the other accusatory instruments with respect to any such offense.”