[No. 13393–4–I.   Division One.   June 10, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. MELVIN R. McMURRAY, *Appellant.*

*Melvin R. McMurray,* pro se, and *Julie A. Kesler* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Marilyn A. Nowogroski, Deputy,* for respondent.

GROSSE, J.—Melvin McMurray appeals his jury conviction of negligent homicide claiming double jeopardy bars prosecution after a prior guilty plea to driving while intoxicated. Double jeopardy does not apply to this case. We affirm the trial court.

The facts are not in dispute. McMurray was driving a

truck which was involved in an eventually fatal accident with a motorcycle on the night of July 9, 1982. McMurray was arrested at the scene of the accident for driving while intoxicated. The victims were seriously injured; both were in comas for an extended period of time. One victim died 4 months later on November 11, 1982, while the other survived with severe permanent injuries.

McMurray was charged August 9, 1982, with driving while intoxicated (DWI) and negligent driving and was brought to trial on October 14, 1982. He pleaded guilty to the DWI and received a maximum sentence. The negligent driving charge was dismissed.

On November 19, 1982, 8 days after the one victim died, McMurray was charged with negligent homicide in violation of RCW 46.61.520.[1] McMurray's motion to dismiss the charge on double jeopardy grounds was denied on February 14, 1983. McMurray was convicted of negligent homicide after a 2–week jury trial. This appeal followed.

The question in this case is: Does double jeopardy bar prosecution and punishment for the crime of negligent homicide when that prosecution follows prosecution and conviction of the lesser included offense of DWI, and dismissal of the lesser included offense of negligent driving? Where the material death occurs after the lesser included offenses had been disposed of, the answer is no.

■ The Fifth Amendment protects a person from being "subject for the same offense to be twice put in jeopardy of life or limb". Article 1, section 9 of the Washington State Constitution provides that "[n]o person shall . . . be twice put in jeopardy for the same offense." "Same offense" for purposes of double jeopardy is determined by whether the

---

[1]In 1982, RCW 46.61.520 provided in relevant part:

"When the death of any person shall ensue within three years as a proximate result of injury received by the driving of any vehicle by any person while under the influence of or affected by intoxicating liquor or drugs, or by the operation of any vehicle in a reckless manner or with disregard for the safety of others, the person so operating such vehicle shall be guilty of negligent homicide by means of a motor vehicle."

charges in question are "identical both in fact and in law". *State v. Roybal,* 82 Wn.2d 577, 580–83, 512 P.2d 718 (1973). Conviction or acquittal on a lesser included offense normally bars reprosecution for the greater offense. *State v. Roybal, supra. Accord, Brown v. Ohio,* 432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221 (1977) and *Illinois v. Vitale,* 447 U.S. 410, 65 L. Ed. 2d 228, 100 S. Ct. 2260 (1980). *Brown* and *Vitale* state an exception to the general prohibition of successive prosecutions and cumulative punishments for a greater and lesser included offense which applies to this case. We therefore do not analyze the nature of the different crimes charged under the general principles of double jeopardy but assume that DWI and negligent driving are lesser included offenses of negligent homicide.

An exception to the double jeopardy bar against successive prosecutions and cumulative punishments

> may exist where *the State is unable to proceed* on the more serious charge at the outset *because the additional facts necessary to sustain that charge have not occurred* or have not been discovered despite the exercise of due diligence.

(Italics ours.) *Brown,* at 169 n.7; *Vitale,* at 420 n.8. The exception is properly invoked here where a fact necessary to sustain the negligent homicide charge, the death of one of the comatose victims, had not occurred when McMurray pleaded guilty to the DWI charge. The plea does not bar the negligent homicide charge in these circumstances.

Division Three of the Court of Appeals approved and relied on the exception stated in *Brown* and *Vitale* to uphold a negligent homicide conviction after an earlier DWI conviction. *State v. Escobar,* 30 Wn. App. 131, 633 P.2d 100 (1981). In *Escobar,* the State did not have proof linking defendant's driving as the proximate cause of the resulting death when the DWI charge was disposed of. DWI charges were filed immediately after the accident. By court rule, the charges had to be tried or dismissed within 60 days. JCrR 3.08. The State was unable to file negligent homicide charges in that period since the accident recon-

struction report had not then been completed. Division Three found those circumstances warranted application of the exception described in *Brown* and *Vitale*. *Escobar*, at 135–37. We find this case even more compelling.

The United States Supreme Court recognized long ago that a death subsequent to a conviction may be a proper basis for charging the convicted defendant with the additional crime of homicide arising from the events behind the earlier conviction. *Diaz v. United States*, 223 U.S. 442, 448–49, 56 L. Ed. 500, 32 S. Ct. 250 (1912). In that case, the defendant was convicted for assault and battery. Twenty-six days after the conviction, the victim died and Diaz was charged with homicide. The Court stated:

> At the time of the trial for the latter [assault and battery] the death had not ensued, and not until it did ensue was the homicide committed. Then, and not before, was it possible to put the accused in jeopardy for that offense.

*Diaz*, at 449. This holding and rationale controls the case before the court and the exception noted in *Brown* and *Vitale*.[2]

McMurray raises additional arguments in his pro se brief, generally that the trial was unfair and not impartial. He cites as examples the attendance of a representative of the Mothers Against Drunk Drivers (MADD) at both of his trials; the attendance of a uniformed officer at the second trial; testimony by two witnesses as to prior offenses for drunken driving; alleged perjury; the use of the damaged motorcycle as an exhibit; and the failure to obtain a blood sample from one of the victims, the driver of the motorcycle. We have reviewed the entire record and find no preju-

---

[2]The rationale underlying *Diaz v. United States*, 223 U.S. 442, 56 L. Ed. 500, 32 S. Ct. 250 (1912) has been used to uphold similar convictions in other jurisdictions. *See State v. Long*, 7 Ohio App. 3d 248, 455 N.E.2d 534 (1983) (guilty plea to DWI 3 days prior to death of traffic accident victim held not to invoke double jeopardy to bar conviction for aggravated vehicular homicide); *People v. Rivera*, 60 N.Y.2d 110, 456 N.E.2d 492, 468 N.Y.S.2d 601 (1983) (relying on state statute with specific exception to permit filing of additional charges if death ensues after assault conviction is obtained, and also citing *Diaz*).

dicial error.

McMurray's arguments as to the blood test and alleged perjury were exhaustively raised during cross examination. They go to the jury's belief or disbelief of witnesses for the prosecution and defense. We can only conclude from the record that the jury believed the prosecution's expert and other witnesses, which they have every right to do after hearing the evidence.

McMurray's other arguments challenge the conduct of the trial. A mistrial should be granted "only when the defendant has been so prejudiced that nothing short of a new trial can insure that defendant will be tried fairly." *State v. Weber*, 99 Wn.2d 158, 165, 659 P.2d 1102 (1983) (citing *State v. Gilcrist*, 91 Wn.2d 603, 612, 590 P.2d 809 (1979)). The claimed error must have affected the outcome of the trial to be prejudicial and it is irrelevant whether the error was inadvertent or not. The trial judge can best review the error in light of the full proceeding and will not be reversed absent a showing of abuse of discretion. *Weber,* at 166.

The question of prejudicial testimony was raised before the trial court both during trial and at a posttrial motion. The trial court ruled that any improper statements were not so prejudicial as to warrant a mistrial because they did not affect the outcome of the trial. We agree. There was overwhelming evidence of McMurray's drinking on the night in question, including his testimony that he had half a fifth of vodka at 7 p.m. the night of the accident. The brief allusions of the witnesses to McMurray's prior record for drinking and driving could not be deemed prejudicial so as to have changed the outcome of the trial in light of this evidence.

The trial court noted the heavy publicity and properly instructed the spectators to refrain from reactions. There is no evidence of prejudicial disruption of the trial and a "circus" atmosphere. Finally, the uniformed officer was properly seated at the prosecutor's table as her sole assistant,

and the motorcycle was properly admitted in lieu of photographs objected to by the defense counsel.

The conviction is affirmed.

CORBETT, C.J., and COLEMAN, J., concur.