THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RONALD LATHAM, Respondent.

Third Department, March 4, 1993

### APPEARANCES OF COUNSEL

*Mary O. Donohue, District Attorney* of Rensselaer County, Troy *(Karen Carlson* of counsel), for appellant.

6

*Ackerman, Wachs & Finton, P. C.,* Albany *(F. Stanton Ackerman* of counsel), for respondent.

### OPINION OF THE COURT

MAHONEY, J.

In June 1990, a two-count indictment was handed up against defendant charging him with attempted murder in the second degree and attempted assault in the first degree in connection with the May 18, 1990 stabbing and attempted strangulation of Marie Shambeau. Defendant ultimately pleaded guilty to the attempted murder count in full satisfaction of the charges and was sentenced accordingly.

Approximately two months after the plea, Shambeau died as a result of injuries sustained in the attack. The prosecution then procured a court order to withdraw a sample of defendant's blood and, following the conducting of forensic analysis, presented the evidence obtained to a Grand Jury which, in turn, handed up an indictment charging defendant with two counts of murder in the second degree based upon the May 18, 1990 incident. Claiming that this second indictment was barred by the CPL 40.20 (2) statutory extension of the constitutional prohibition against double jeopardy, defendant moved pursuant to CPL 210.20 (1) (e) to dismiss the indictment. In response, the prosecution argued that this case fit within the delayed death exception to the statutory double jeopardy rule. That exception authorizes separate prosecutions based upon the same act in instances where "[o]ne of the offenses is assault or some other offense resulting in physical injury to a person, and the other offense is one of homicide based upon the death of such person from the same physical injury, and such death occurs after a prosecution for the assault or other non-homicide offense" (CPL 40.20 [2] [d]). County Court concluded that the exception was inapplicable because defendant's prior plea to attempted murder was a homicide offense and accordingly granted the motion. This appeal by the People ensued.

We reverse. As previously noted, in order to come within the delayed death exception to the second prosecution rule, there must be an initial prosecution for assault or "some other offense resulting in physical injury to a person" (CPL 40.20 [2] [d]) followed by death of the victim after the first prosecution is completed. Here, inasmuch as the offense of assault is not involved, application of the exception hinges upon whether

the crime to which defendant pleaded, i.e., attempted murder, is an offense resulting in physical injury to a person within the meaning of the statute. In this regard, the Court of Appeals has made clear that this language is not limited to offenses in which physical injury is an actual element but encompasses any offenses which are "consistent with physical injury" as long as physical injury actually results from their perpetration *(People v Rivera,* 60 NY2d 110, 115). Here, while physical injury is not an element of attempted murder in the second degree *(see, People v Davis,* 92 AD2d 177, *affd* 61 NY2d 202), that offense undoubtedly is consistent with physical injury. Moreover, because such physical injury actually resulted from the attempted murder in this case, there seems to be little doubt but that the prerequisites to applicability of the delayed death exception are satisfied *(see, People v Rivera, supra).* \* As a final matter, we note that because attempted murder is an inchoate crime which neither contemplates nor requires death of the victim, contrary to County Court's conclusion it is not a homicide offense as that term has been defined in *People v Rivera (supra,* at 114-115).

WEISS, P. J., LEVINE, MERCURE and HARVEY, JJ., concur.

Ordered that the order is reversed, on the law, motion denied and indictment reinstated.

---

\* It is likewise clear that the second prosecution does not run afoul of the constitutional double jeopardy prohibition. While the offenses of attempted murder in the second degree and murder in the second degree share many of the same elements, the latter requires proof of at least one element that the former does not, that is, death *(see, People v Rivera, supra,* at 115; *see also, Diaz v United States,* 223 US 442; *cf., Blockburger v United States,* 284 US 299).