OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 Weeks after defendant pleaded guilty to attempted murder and was sentenced for that crime, the victim of his attack died, and he was indicted for murder in the second degree. Because we conclude that the "delayed death” exemption from New York’s statutory protection against double jeopardy (CPL 40.20 [2] [d]) extends to the offense of attempted murder, the order of the Appellate Division reinstating the murder indictment must be affirmed.
 

 I.
 

 When Marie Shambeau broke off her relationship with defendant on May 18, 1990, he strangled and stabbed her. Some hours later, her parents found her under her bed, alive but gravely injured by a stab wound to the neck. Following extensive surgery, Shambeau suffered a stroke that left her paralyzed from the neck down. She was placed on a respirator and other forms of life support, and transferred to a long-term care facility.
 

 Defendant eventually surrendered himself to authorities, and on June 8, 1990 was indicted for attempted murder in the second degree and attempted assault in the first degree. On January 9, 1991, he pleaded guilty to the top count — attempted murder in the second degree — and weeks later was
 
 *236
 
 sentenced to an indeterminate term of
 
 IVz
 
 to 22 ló years’ imprisonment.
 

 At sentencing, defendant, who had no prior record, expressed remorse. He stated that when he had learned the extent of Shambeau’s injuries, he initiated plea negotiations to spare her the ordeal of testifying. The court noted that "all of these things are tragic in many different directions. However this young woman would have had a difficult time coming into court because she had a herniated disk. She’s virtually paralyzed from the neck down, on various life-support systems, and catheterization and so on. Her life is one ongoing tragedy too.” The presentence report, which was discussed at sentencing, fully described Shambeau’s condition, including her physicians’ inability to predict whether she would ever recover. Beyond a statement that the plea was in full satisfaction of the indictment for attempted murder and attempted assault, neither the People nor defendant raised any question regarding further prosecution if Shambeau died.
 

 Seven weeks after defendant’s sentencing, Shambeau suffered another stroke and died. An indictment was subsequently returned charging defendant with one count of intentional murder and one count of depraved indifference murder, alleging that he had caused her death.
 

 The trial court granted defendant’s motion to dismiss the second indictment on double jeopardy grounds. Although CPL 40.20 (2) (d) expressly permits a second prosecution where death occurs after a prosecution for an "assault or other non-homicide offense,” in
 
 People v Rivera
 
 (60 NY2d 110, 115, n 4) we left open the question whether this exemption to the double jeopardy prohibition extended to the offense of attempted murder. The trial court, observing that the "delayed death” exemption applied only to an "assault
 
 or other non-homicide”
 
 offense, defined a "homicide” offense as one in which the defendant admitted intending to cause death, and from which it could be anticipated, at the time of plea, that death might result. The court noted that defendant had admitted to attempting to cause the death of Shambeau and, at the time of plea and sentence, there was a "reasonable possibility” that she would die, concluding that defendant’s conviction of attempted murder had therefore been for a "homicide” offense and further prosecution was barred. The Appellate Division unanimously reversed the order of dismissal and reinstated the indictment.
 

 
 *237
 
 Defendant’s central contention on this appeal is that the prosecution for murder in the second degree violates statutory and constitutional protections against double jeopardy.
 

 II.
 

 Under the Federal Constitution, double jeopardy arises only upon separate prosecutions arising out of the same "offence” (US Const 5th, 14th Amends;
 
 Blockburger v United States,
 
 284 US 299). Dissatisfied with such limited protection, the Legislature in 1970 adopted a statute (CPL 40.20 [L 1970, ch 996]) providing comprehensive protection against separate prosecutions for "two offenses based upon the same act or criminal transaction” (CPL 40.20 (2);
 
 see, Matter of Abraham v Justices of N Y. Supreme Ct.,
 
 37 NY2d 560, 565). The statute contains eight exemptions (CPL 40.20 [2] [a] - [h]), describing eight types of successive prosecutions that receive no statutory protection, and are limited only by constitutional double jeopardy protections.
 

 Thus, our analysis begins with the statute. We need consider defendant’s constitutional claim only if the separate prosecution for murder is exempt from statutory double jeopardy protection.
 

 Here, as in
 
 People v Rivera
 
 (60 NY2d 110,
 
 supra),
 
 the People claim that the murder indictment is within the "delayed death” exemption (CPL 40.20 [2] [d]), which authorizes a second prosecution when "[o]ne of the offenses is assault or some other offense resulting in physical injury to a person, and the other offense is one of homicide based upon the death of such person from the same physical injury, and such death occurs after a prosecution for the assault or other non-homicide offense.” This "delayed death” exemption may be traced to the "sound policy reasons” underlying
 
 Diaz v United States
 
 (223 US 442), including the need for prompt adjudication
 
 (Rivera,
 
 60 NY2d 110, 115,
 
 supra).
 
 Particularly in an era where medical advances can prolong the life of a critically injured victim, a prosecution must proceed on the basis of the victim’s present condition.
 
 [1]
 
 Where death follows, however, it is also in society’s interest that a homicide be redressed.
 

 
 *238
 
 Because the "delayed death” exemption does work an exception to the statutory double jeopardy prohibition, in
 
 Rivera
 
 we narrowly construed its applicability to cases in which the offense underlying the initial prosecution was "consistent with physical injury” and from which "physical injury resulted.” (60 NY2d, at 115.) Under the facts of this case, attempted murder is such an offense.*
 
 [2]
 
 Moreover, while the trial court defined a "homicide” offense by looking to whether there was a reasonable possibility, at the time of plea, that the victim would die, the Penal Law defines homicide as conduct which "causes the death of a person” (Penal Law § 125.00). Attempted murder — which fails to cause the death of a person— is thus by definition a "nonhomicide” offense.
 

 Statutory double jeopardy protection is therefore not available to defendant. Nor, under the facts of this case, would a separate prosecution for homicide violate the State or Federal Constitution (NY Const, art I, § 6; US Const 5th, 14th Amends).
 

 Defendant’s constitutional claims are based entirely on
 
 Grady v Corbin
 
 (495 US 508), in which the Supreme Court held that a subsequent prosecution would be barred by the Double Jeopardy Clause if it required the government to prove, as an essential element of the new offense, "conduct” that constituted the former offense. Recently, however, the Court overruled the
 
 Grady
 
 "same conduct” test in
 
 United States v Dixon
 
 (509 US —, 113 S Ct 2849), reinstating the test of
 
 Blockburger v United States
 
 (284 US 299,
 
 supra)
 
 as the measure of whether a successive prosecution violated the Federal constitutional prohibition against double jeopardy.
 
 [3]
 

 Under
 
 Blockburger,
 
 two distinct statutory provisions do not constitute the "same offense” for double jeopardy purposes if each provision requires proof of a fact which the other does not (284 US 299, 304,
 
 supra).
 
 In the case of delayed death, however,
 
 Blockburger
 
 does not bar a second prosecution for
 
 *239
 
 homicide following conviction of assault or another nonhomicide offense because the consummating element of death distinguishes the two offenses, and is not known to or discoverable by the People at the time of the first prosecution
 
 (Brown v Ohio,
 
 432 US 161, 169, n 7;
 
 Rivera,
 
 60 NY2d 110, 116,
 
 supra).
 
 Defendant does not claim that he is entitled to greater protection under the State constitutional double jeopardy prohibition (NY Const, art I, § 6). We therefore reject both his State and Federal constitutional claims.
 

 Neither defendant’s asserted belief that his plea would end all criminal exposure stemming from his conduct nor the fact that Shambeau’s death was reasonably foreseeable at the time of plea can prevent as a matter of double jeopardy a subsequent prosecution for murder in the second degree. New York does not adhere to a subjective double jeopardy rule. While defendant points to other jurisdictions which, in similar situations, have barred subsequent prosecution for homicide, those decisions have not rested on double jeopardy grounds. In the cases cited by defendant, it was established that at the time of plea both the defendant and the prosecution intended the plea to close the matter forever. Subsequent prosecution therefore breached promises implied in the original plea agreement, mandating specific performance of the original plea agreement
 
 (see, e.g., State v Carpenter,
 
 68 Ohio St 3d 59, 623 NE2d 66;
 
 State v Nelson,
 
 23 Conn App 215, 579 A2d 1104;
 
 State v Thomas,
 
 61 NJ 314, 294 A2d 57). That is not the case before us.
 

 Defendant’s remaining contentions are either unpreserved or without merit. Accordingly, the order of the Appellate Division should be affirmed.
 

 Judges Simons, Bellacosa, Smith and Ciparick concur; Judges Titone and Levine taking no part.
 

 Order affirmed.
 

 [1]
 

 . The common-law "year-and-a-day” limitation on homicide prosecutions was long ago abandoned in New York
 
 (see, People v Brengard,
 
 265 NY 100, 105). That rule, which barred prosecution for homicide if the victim died more than a "year and a day” after the injuries were inflicted, was fundamentally a rule of causation, necessary because medical knowledge was insufficiently advanced to determine, after such a lapse of time,
 
 *238
 
 whether death was the result of the defendant’s actions or some other misfortune (1 LaFave and Scott, Substantive Criminal Law § 3.12 [i], at 421).
 

 [2]
 

 . There may be examples of attempted murder which do not result in physical injury, such as where a bomb is planted but fails to detonate.
 

 [3]
 

 . In any event, the Court in
 
 Grady
 
 explicitly noted that an exception to this prohibition would exist where the State is unable to proceed on the more serious charge at the outset " 'because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence.’ ”
 
 (Grady,
 
 495 US 508, 516, n 7,
 
 supra,
 
 quoting
 
 Brown v Ohio,
 
 432 US 161, 169, n 7.)