[871 NE2d 537, 840 NYS2d 1]

In the Matter of CARMINE POLITO et al., Appellants, v JOHN P. WALSH, as Supreme Court Justice, et al., Respondents.

Argued May 29, 2007; decided June 28, 2007

*White & White,* New York City (*Diarmuid White* and *Brendan White* of counsel), and *Gerald J. McMahon* for Carmine Polito, appellant. Since the state crime of murder in the second degree is a lesser included offense of the federal crime of murder in aid of racketeering, they are the "same offense" and the petitioners may not be twice prosecuted for the murder. (*People v Biggs,* 1 NY3d 225; *Brown v Ohio,* 432 US 161; *Burks v United States,* 437 US 1; *Harris v Oklahoma,* 433 US 682; *Blockburger v United States,* 284 US 299; *People v Rivera,* 60 NY2d 110; *Matter of Abraham v Justices of N.Y. Supreme Ct. of Bronx County,* 37 NY2d 560; *People v Glover,* 57 NY2d 61; *People v Okafore,* 72 NY2d 81; *Matter of Johnson v Morgenthau,* 69 NY2d 148.)

*Stillman, Friedman & Shechtman, P.C.,* New York City (*Paul Shechtman* and *Nathaniel Z. Marmur* of counsel), for Mario Fortunato, appellant. New York's double jeopardy statute prohibits Mr. Fortunato from being prosecuted on the state murder charge. (*People v Abbamonte,* 43 NY2d 74; *Matter of Booth v Clary,* 83 NY2d 675; *Matter of Corbin v Hillery,* 74 NY2d 279, *affd sub nom. Grady v Corbin,* 495 US 508; *Blockburger v United States,* 284 US 299; *Brown v Ohio,* 432 US 161; *In re Nielsen,* 131 US 176; *Harris v Oklahoma,* 433 US 682; *Illinois v Vitale,* 447 US 410; *United States v Hatchett,* 245 F3d 625; *Whalen v United States,* 445 US 684.)

*Charles J. Hynes, District Attorney,* Brooklyn (*Ann Bordley* and *Leonard Joblove* of counsel), for respondents. The Appellate Division properly denied the petition for a writ of prohibition, because the trial of the petitioners for murder will not violate Criminal Procedure Law § 40.20 (1). (*Matter of Holtzman v Goldman,* 71 NY2d 564; *Matter of Rush v Mordue,* 68 NY2d 348; *Matter of Klein v Murtagh,* 34 NY2d 988; *United States v Concepcion,* 983 F2d 369, 510 US 856; *United States v Carrillo,* 229 F3d 177; *United States v Fernandez,* 388 F3d 1199, 544 US 1009; *United States v Bracy,* 67 F3d 1421; *United States v Bruno,* 383 F3d 65; *Matter of Schmidt v Roberts,* 74 NY2d 513; *Matter of Raritan Dev. Corp. v Silva,* 91 NY2d 98.)

**OPINION OF THE COURT**

SMITH, J.

Petitioners were prosecuted in federal court for murder in aid of racketeering. A jury convicted them, but a federal Court of Appeals reversed the conviction and dismissed the charge because the Government had failed to prove the "aid of racketeering" element of the crime. A New York grand jury then indicted petitioners for murder.

Petitioners brought this proceeding to prohibit the state-court prosecution, claiming that it violates CPL 40.20 (1), one of New York's double jeopardy statutes. We hold that the statute has not been violated.

## Facts and Procedural History

Petitioners were indicted by a United States grand jury on eight counts growing out of a shooting in which Sabatino Lombardi was killed and Michael D'Urso was wounded. The Government claimed that petitioners had hired hit men to kill Lombardi and D'Urso, and that in the case of Lombardi the hit men had succeeded. The count of the indictment with which we are now concerned, captioned "Murder in Aid of Racketeering," alleged that petitioners had murdered Lombardi; that they had done so "for the purpose of gaining entrance to and maintaining and increasing position in the Genovese family"; that the Genovese family was "an enterprise engaged in racketeering activities"; and that petitioners had therefore violated 18 USC § 1959 (a), titled "Violent crimes in aid of racketeering activity" (VCAR), which provides federal criminal punishment for anyone who:

"for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders . . . any individual in violation of the laws of any State."

Petitioners were convicted after a jury trial in the United States District Court for the Eastern District of New York, but the United States Court of Appeals for the Second Circuit reversed and ordered the VCAR charge dismissed (*United States v Bruno*, 383 F3d 65 [2d Cir 2004]). The gist of the Second Circuit's opinion, as it affects our case, is that, while the evidence showed some connections between petitioners and the Genovese family, it did not show that the murder of Lombardi was intended to enhance their positions in the organization. Rather, the evidence suggested that petitioners arranged the shooting of Lombardi and D'Urso out of personal hatred and to avoid the repayment of gambling debts.

After the Second Circuit decision, a state grand jury indicted petitioners for Lombardi's murder. Petitioners then brought this CPLR article 78 proceeding in the Appellate Division, seeking a writ of prohibition against the state prosecution. The Appellate Division denied the petition and dismissed the proceeding. We granted leave to appeal, and now affirm.

## Discussion

Petitioners do not claim that their prosecution for murder violates their constitutional rights. As they recognize, under the so-called "dual sovereignty" doctrine, the Double Jeopardy Clause of the United States Constitution does not prohibit successive federal and state prosecutions for the same conduct (*Bartkus v Illinois*, 359 US 121 [1959]). Nor do petitioners rely on the State Constitution's Double Jeopardy Clause (NY Const, art I, § 6). But in New York, protection against double jeopardy is statutory as well as constitutional.

The double jeopardy statute, CPL 40.20, has two subdivisions. Subdivision (1) says simply: "A person may not be twice prosecuted for the same offense." Subdivision (2) is less simple. It says, "A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction," but these words are followed by the word "unless" and a list of eight exceptions. One of the exceptions is applicable here. CPL 40.20 (2) (f) excludes from the prohibition of section 40.20 (2) cases where:

"One of the offenses consists of a violation of a statutory provision of another jurisdiction, which offense has been prosecuted in such other jurisdiction and has there been terminated by a court order expressly founded upon insufficiency of evidence to establish some element of such offense which is not an element of the other offense, defined by the laws of this state."

Here, the first prosecution of petitioners was for "a violation of a statutory provision of another jurisdiction," the VCAR statute; petitioners were prosecuted for it in "such other jurisdiction"—i.e., in federal court; the federal prosecution was terminated by the Second Circuit's order; that order was "expressly founded upon insufficiency of evidence" to establish the "aid of racketeering" element of the offense; and aid of racketeering is not an element of murder, the crime for which petitioners are now being prosecuted in New York. CPL 40.20 (2) (f) was evidently written for the purpose of preventing people in the exact situation of these petitioners from relying on the protection given by CPL 40.20 (2).

Petitioners do not contest this, and do not rely on CPL 40.20 (2). But they say that they are protected by CPL 40.20 (1), because the federal VCAR prosecution and the state murder prosecution are "for the same offense" within the meaning of that statute—and CPL 40.20 (1) has no exceptions.

The result petitioners seek is counterintuitive. It seems highly unlikely that the Legislature would have gone to the trouble of writing CPL 40.20 (2) (f) to strip people like petitioners of double jeopardy protection, if the same protection were conferred by CPL 40.20 (1). Analysis confirms that "same offense" in CPL 40.20 (1) does not have the broad meaning petitioners would give it.

"Offense" is defined in CPL 40.10 (1): "An 'offense' is committed whenever any conduct is performed which violates a statutory provision defining an offense; and when the same conduct or criminal transaction violates two or more such statutory provisions each such violation constitutes a separate and distinct offense." Thus, the meaning of "offense" in the Criminal Procedure Law is very narrow. The same act constitutes two offenses if it violates two statutory provisions. If "offense" is read in accord with the statutory definition, CPL 40.20 (1) prohibits only prosecuting the same person twice under the same statute for the same act, and does not help petitioners here.

We held in *Matter of Klein v Murtagh* (34 NY2d 988 [1974], *affg on op below* 44 AD2d 465 [2d Dept 1974]) that CPL 40.10 (1)'s narrow definition of "offense" applies to CPL 40.20 (1)'s double jeopardy provision. The Appellate Division opinion in *Klein*, which we adopted, rejected a double jeopardy claim by a petitioner, who, like petitioners here, was prosecuted first in federal and then state court for the same conduct; and who, again like petitioners here, had prevailed in federal court because of the Government's failure to establish "the 'Federal' element of the crime charged" (44 AD2d at 467). The Appellate Division said:

> "The petitioners and the intervenor contend in this court that to permit the State prosecution to continue will subject them to a second prosecution for the 'same offense' in violation of . . . CPL 40.20. This is not so . . . . Subdivision 1 of CPL 40.20 prescribes the New York double jeopardy doctrine in its purest and simplest form. It states that 'a person may not be twice prosecuted for the same offense.' This means the same in both fact and law . . . . In subdivision 1 of CPL 40.10 the term 'offense' is defined as 'committed whenever any conduct is performed which violates a statutory provision defining an offense; and when the same conduct or criminal transaction violates two or more such statutory provisions each such violation constitutes a separate and distinct offense.'
>
> "At bar, the prosecutions are not the same in law because they are based upon separate and distinct statutes . . . ." (*Id.*)

Petitioners argue that, notwithstanding CPL 40.10 (1) and our holding in *Klein*, "offense" in CPL 40.20 (1) cannot be given its narrow statutory definition. They point out that the words "same offence" appear in the Double Jeopardy Clause of the Fifth Amendment ("nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb"), and that their meaning in that context has long been established. Under *Blockburger v United States* (284 US 299, 304 [1932]), "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

Under the *Blockburger* test, petitioners argue, the two offenses for which petitioners have been prosecuted are the

same because, while the VCAR statute does require proof of facts (the "aid of racketeering" element) that New York's murder statute does not, the reverse is not true; to prove petitioners guilty of VCAR, the federal prosecutors had to prove every element of the New York crime of murder. And, petitioners' argument continues, if the two offenses are the same under the *Blockburger* test they must also be the same within the meaning of CPL 40.20 (1), for the authors of that statute, in using the same words as the Constitution, could not have meant to give less protection than the Constitution gives.

Petitioners distinguish *Klein* on the ground that the two offenses at issue there were not the same under the *Blockburger* test; each required proof of an element that the other did not. And petitioners suggest that the statutory definition in CPL 40.10 (1) could not have been intended to define "same offense" for double jeopardy purposes—even though the double jeopardy provisions are in the very next section. The word "offense" appears in many provisions of the Criminal Procedure Law, and the statutory definition of the term works in most or all of those contexts—but, petitioners say, it simply does not work when applied to the words "same offense" in CPL 40.20 (1).

Admittedly, it seems odd to hold that a statute tracking constitutional language gives less protection than the Constitution. But the People say that, odd or not, that is what CPL 40.10 (1) says and that is what *Klein* holds. And, the People add, that creates no constitutional problem because whatever constitutional protection is withheld by CPL 40.20 (1) is conferred by CPL 40.20 (2), so the statutes in combination give at least as much protection as the Constitution. On the other hand, several commentators have suggested that CPL 40.20 (1) and the constitutional double jeopardy protection are coextensive (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 40.20 ["(s)ubdivision 1 of this section states the pure and simple constitutional prohibition against double jeopardy 'for the same offense' (U.S. Const. amend. V; N.Y. Const. Art. 1, § 6)"]; Marks et al., New York Pretrial Criminal Procedure § 2.5, at 66 [7 West's NY Prac Series] ["(t)he 'same offense' provisions essentially subsume the federal constitutional rule, which is known colloquially as the 'Blockburger' test"]; Seeliger, 1997-98 Survey of New York Law, *Criminal Procedure*, 49 Syracuse L Rev

377, 382 n 32 [1999] ["CPL 40.20 (1) codifies the constitutional prohibition against double jeopardy"]).

Whether CPL 40.20 (1) is narrower than, or identical in coverage to, constitutional double jeopardy protection is an interesting question, but we do not need to resolve it in this case, because neither answer to the question helps petitioners. As we have pointed out, petitioners do not claim that their constitutional rights are violated by the prosecution they seek to prohibit. They can prevail under CPL 40.20 (1) only if that statute provides *more* protection than the United States Constitution. More specifically, they must persuade us that CPL 40.20 (1) incorporates the constitutional definition of "same offense" as reflected in *Blockburger*, but that it does not incorporate the dual sovereignty limitation on the constitutional protection reflected in *Bartkus*. Nothing in the statute's language, context or apparent purpose supports this reading of CPL 40.20 (1).

However, petitioners do find, in comments made in some of our decisions, support for the idea that CPL 40.20 (1) rejects the dual sovereignty rule. In *Matter of Abraham v Justices of N.Y. Supreme Ct. of Bronx County* (37 NY2d 560, 565 [1975]), we said that CPL 40.20 (1) codified the rule of several earlier cases, including *People v Lo Cicero* (14 NY2d 374 [1964]); *Lo Cicero*, decided before CPL 40.20 was enacted, rejected the dual sovereignty doctrine under New York law. In *Matter of Booth v Clary* (83 NY2d 675, 679 [1994]) we cited CPL 40.20 (1) as reflecting the "intricate details" of New York's rather broad statutory double jeopardy protections. And in *People v Rivera* (60 NY2d 110, 114 [1983]), we again cited CPL 40.20 (1) in a similar context.

Our remarks in *Abraham*, *Booth* and *Rivera* were not necessary to our holdings in those cases. We now conclude that they require clarification, if not correction. New York does indeed have relatively broad statutory protection against double jeopardy, and our statutory law does reject, in large part, the dual sovereignty doctrine. To the extent our protections go beyond those afforded by the State or Federal Constitution, however, they are to be found in CPL 40.20 (2), not CPL 40.20 (1). CPL 40.20 (1) provides, at most, no more double jeopardy protection than the Constitutions do. We therefore reject petitioners' claim that CPL 40.20 (1) bars their prosecution in this case.

Accordingly, the judgment of the Appellate Division should be affirmed, without costs.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Judgment affirmed, without costs.