Matter of McNerlin v Argento (2019 NY Slip Op 04554)





Matter of McNerlin v Argento


2019 NY Slip Op 04554


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


211 OP 18-01660

[*1]IN THE MATTER OF STEPHEN P. MCNERLIN, PETITIONER,
H
v
ONORABLE VICTORIA M. ARGENTO, MONROE COUNTY COURT JUDGE, AND SANDRA J. DOORLEY, DISTRICT ATTORNEY OF MONROE COUNTY, RESPONDENTS. 






THOMAS A. CORLETTA, ROCHESTER, FOR PETITIONER. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT SANDRA J. DOORLEY, DISTRICT ATTORNEY OF MONROE COUNTY. 


 Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to prohibit the prosecution of petitioner. 
It is hereby ORDERED that said petition is unanimously dismissed without costs.
Memorandum: Petitioner was driving in the City of Rochester when he allegedly struck a vehicle, left the scene, struck a second vehicle, and eventually parked his vehicle at a gas station in the Town of Greece, where he was arrested. He was issued two traffic tickets from the Rochester Police Department for leaving the scene of a property damage incident without reporting (Vehicle and Traffic Law § 600 [1] [a]). The tickets were referred to the Rochester branch of the New York State Department of Motor Vehicles Traffic Violations Bureau (Bureau). Petitioner was convicted of the traffic violations after hearings at the Bureau and was issued fines. Petitioner was also charged by an indictment with two counts of driving while intoxicated as a class E felony (DWI) (§§ 1192 [2], [3]; 1193 [1] [c] [i] [A]). Petitioner moved to dismiss the indictment on double jeopardy grounds, which was denied. Petitioner then commenced this original CPLR article 78 proceeding seeking to prohibit his prosecution on the indictment.
Petitioner correctly concedes that there is no federal constitutional double jeopardy violation here. "Under the Federal Constitution, double jeopardy arises only upon separate prosecutions arising out of the same offence' " (People v Latham, 83 NY2d 233, 237 [1994]). The United States Supreme Court employs a "same-elements" test, also known as the Blockburger test (Blockburger v United States, 284 US 299 [1932]), that "inquires whether each offense contains an element not contained in the other; if not, they are the same offence' and double jeopardy bars additional punishment and successive prosecution" (United States v Dixon, 509 US 688, 696 [1993]). Here, the elements of DWI (see Vehicle and Traffic Law § 1192 [2], [3]) and leaving the scene of a property damage incident without reporting (see § 600 [1] [a]) are not the same; among other things, a person does not need to be intoxicated to be found guilty of leaving the scene of a property damage incident without reporting, and does not need to cause property damage to be found guilty of DWI.
Petitioner, however, contends that New York employs a different, "same conduct" test, and thus prosecution is barred by the Double Jeopardy Clause of the State Constitution. We reject that contention. In Matter of Corbin v Hillery (74 NY2d 279, 289-290 [1989], affd sub nom. Grady v Corbin, 495 US 508 [1990]), the Court of Appeals recognized the Blockburger test but, relying on "pointed dictum" from a later Supreme Court case, determined that double jeopardy applied where the prosecution intended to rely on the acts underlying traffic offenses as part of its proof on, inter alia, a homicide count. This is known as the "same conduct" test. The [*2]Supreme Court agreed with the Court of Appeals and thus affirmed (Grady, 495 US at 510, 514-516). However, in Dixon, the Supreme Court overruled Grady, holding that "[t]he same-conduct' rule it announced is wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy" (Dixon, 509 US at 704). The Supreme Court reiterated that the Blockburger test is the appropriate test for federal double jeopardy claims.
Petitioner contends that Corbin remains good law in New York, but the Court of Appeals has held that "[t]he Double Jeopardy Clauses in the State and Federal Constitutions are nearly identically worded, and we have never suggested that state constitutional double jeopardy protection differs from its federal counterpart" (Matter of Suarez v Byrne, 10 NY3d 523, 534 [2008], rearg denied 11 NY3d 753 [2008]; see People v Lingle, 16 NY3d 621, 631 [2011]). Moreover, in People v Biggs (1 NY3d 225, 230-231 [2003]), the Court of Appeals set forth the Blockburger test, not the same conduct test, when analyzing a defendant's claim that the double jeopardy clauses of both the Federal and State Constitutions barred a subsequent prosecution. We therefore conclude that the constitutional double jeopardy analysis is the same under federal and state law, and that there is no constitutional double jeopardy violation here (see People v Madden, 49 AD3d 1264, 1265 [4th Dept 2008], lv denied 10 NY3d 936 [2008]).
We also reject petitioner's contention that prosecution of the DWI charges is barred by statutory double jeopardy. The New York Legislature has "enacted statutory double jeopardy provisions offering broader protection than the Federal Constitution requires" (Suarez, 10 NY3d at 534, citing CPL art 40 and Latham, 83 NY2d at 237; see Matter of Polito v Walsh, 8 NY3d 683, 690 [2007], rearg denied 9 NY3d 918 [2007]). Petitioner relies on CPL 40.20 (2), which provides that "[a] person may not be separately prosecuted for two offenses based upon the same act or criminal transaction," unless certain exceptions apply. "[A] person is prosecuted' for an offense, within the meaning of section 40.20, when he is charged therewith by an accusatory instrument filed in a court of this state or of any jurisdiction within the United States, and when the action either: . . . [t]erminates in a conviction upon a plea of guilty; or . . . [p]roceeds to the trial stage" (CPL 40.30 [1]). The Bureau is an administrative agency where traffic infractions must be established by clear and convincing evidence and where a finding of guilt may result in the imposition of a fine, but not imprisonment (see Vehicle and Traffic Law §§ 225 [former (1)]; 227 [1], [4] [a]; Matter of Rosenthal v Hartnett, 36 NY2d 269, 271-272 [1975]; People v Serrano, 46 Misc 3d 960, 967-969 [Sup Ct, Bronx County 2014]; see also 15 NYCRR 121.2; see generally Matter of Sulli v Appeals Bd. of Administrative Adjudication Bur., 55 AD2d 457, 460-461 [4th Dept 1977]). Inasmuch as the Bureau is not a "court" (CPL 10.10), we conclude that prosecution of the traffic offenses in the Bureau does not trigger double jeopardy under CPL 40.20 (2) (see Serrano, 46 Misc 3d at 966-968).
Moreover, we further conclude that the exception set forth in CPL 40.20 (2) (b) applies here. Under that exception, if "[e]ach of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil," then prosecution is not barred under CPL 40.20 (2). The first part of the exception is the Blockburger test and, as explained earlier, the traffic violations and the DWI charges have different elements. Petitioner argues that the second part of the exception is not met because the two offenses are designed to prevent the same kinds of harm, not different. We disagree (see People v Lindsly, 99 AD2d 99, 101 [2d Dept 1984]). As explained in Lindsly, the purpose of the criminal offense of DWI is " to reduce human suffering and carnage caused by drinking drivers,' " whereas the purpose of Vehicle and Traffic Law § 600 " is to prevent the evasion of civil liability by a motorist who may be liable for negligently causing damage by his leaving the scene of the accident' " (id.; see Matter of Hanavan [Motor Veh. Acc. Indem. Corp.], 60 Misc 2d 407, 410 [Sup Ct, Erie County 1969], affd 33 AD2d 1100 [4th Dept 1970]; cf. People v Claud, 76 NY2d 951, 953 [1990]).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court